McBRIDE, Judge.
The relator has taken this appeal from an adverse judgment below.
Our esteemed brother below in written reasons for judgment has succinctly set forth the issues in the case as well as his conclusions of' law, which we find to be correct, and we adopt the written reasons as the opinion of this court in the matter:
“Earle J. Frisard filed suit against Lee G. Lowe, Collector of Revenue, Bureau of Revenue, Department of Finance of the City of New Orleans, alleging, that the said Lowe, in his official capacity, refused to issue an alcoholic beverage permit to Frisard in order to permit him to operate the Vieux Carre lounge at No. 943 Chartres Street in the City of New Orleans; subsequently, the Mayor of the City of New Orleans, and the City of New Orleans were made parties defendant in the matter on the supplemental pleadings filed by plaintiff.
“The respondents .filed exceptions which the court referred to the merits, and made a return to the rule issued by the court. The Vieux Carre Property Owners and Associates, Inc. intervened and joined with respondents in its defense and prayed'for judgment against the relator.
“1. The plaintiff in this action contends that the alcoholic beverage permit is denied him arbitrarily, and without right, reason, or warrant;
“2. That he is being deprived of his property. rights without due process of law;
“3. That he is discriminated against and denied the equal protection of the laws;
*924 "4. That he is-entitled to a writ of mandamus in the premises.
“All respondents and intervenor deny the contentions of the plaintiff, and urge, ámong other things;- •'
"1. That the plaintiff has not fully complied with the provisions of the law regarding the issuance of permits of this character;
“2. That a permit heretofore issued for the operation of the premises 943. Chartres Street as a bar had been revoked, and that under the law a new permit should not be issued for a period of one year from the date of the revocation.
“The Court finds as a fact, both from the application of Frisard for' the issuance of a permit as well as from' the charges made by the Mayor of the City of New Orleans, and the action of the Council of the City óf New Orleans on the trial of such charges that the alcoholic beverage permit issued by the City of New Orleans to one Nick Evola for the operation of the premises known as the ‘Starlet Lounge’’ at 943 Chartres Street was revoked by the Council of the City of New Orleans on May 5, 1954. ’ ' :
“The law pertinent to this matter is set forth in the City Ordinance No. 18537, Commission Council Series, as well 'as tlie Revised "Statutes of the State of Louisiana.
“Section 5, Paragraph 14, of -the City Ordinance, reads in part as follows: ‘All applications shall be mailed or de-lived to the Department of Public Finance in the City Hall, or where-ever .it may hereafter be located, and when an applicant must also apply for one or more local permits, all applications shall be mailed and delivered to the respective authorities, including the State of Louisiana, within 24 hours of each other. If the applicant fails in this respect, the application may be withheld and the permits - denied. Upon receipt of an application, the Department of Public Finance shall stamp the day, the month, and year the application was received, and no permit shall be issued thereunder until the expiration of thirty-five days from date of its receipt * * *•
“[LSA-]Revised Statutes 26:278 provides as follows: ‘All applications for state permits shall be mailed or delivered to the collector of revenue with the permit fee and all applications for local permits shall be mailed or delivered to the respective local authorities with the permit fee. An applicant shall mail or deliver his applications for state and local permits within twenty-four hours of each other. If he fails to‘do so, his application may be denied by either the state or local' authorities. Upon receipt of an application, thé collector or the local au- ■ thorities, as the case may be, shall immediately - write or stamp the day, month, and year received. ■ No permit' shall issue prior to the expiration of thirty-five calendar days after receipt of the application. Upon receipt of an application, the governing authority-of the parish shall immediately notify-the sheriff of its parish of the' fact that-application for a local permit has been made.’
“The Court finds as a fact in this matter that Mr. Frisard failed to make an application to the State of Louisiana for- the issuance of an alcoholic beverage license permit within 24 hours, of the time that he filed his application with the city authorities.
“In its action revoking the alcoholic beverage permit issued by the city' for the operation of the premises known as the ‘Starlet Lounge’ at 943 Chartres Street, the Council of the City of New Orleans stated that the permit ‘is hereby revoked under the provisions of Section 7 of Ordinance No. 18537, C.C.S., as amended, for violations of Sections 6(b), 6(d), and 6(g) of said ordinance.’
“[LSA-] Revised Statute 26:291 reads as follows: ‘When a permit is revoked *925 for any legal cause, no state or local permit shall be issued covering the same premises until one year after the date of revocation.’
“The Court does not find from the facts elicited in this matter that the plaintiff has in any manner been discriminated against, or has been denied due process under the law.”
Certain other defenses not mentioned'in the judge’s reasons were raised by defendants, but we deem it unnecessary to discuss the same.
For the reasons above set forth, the judgment appealed from is affirmed.
’ Affirmed.