TATE, Judge.
This is an action by plaintiff Liuzza to compel the defendant Police Jury to issue to him, under LSA-R.S. 26:271 et seq., a local permit to retail beer.
Liuzza’s application of February 13, 1957 had initially been denied by defendant per resolution of March 19, 1957 for certain specified grounds, having been opposed in writing by many local citizens; and, upon this information being forwarded to the Collector of Revenue, the matter was set for hearing before the Board of Tax Appeals; all purporting to be in compliance with LSA-R.S. 26 :283.
The Board of Tax Appeals on April 29, 1957 sustained an exception of no cause of action and dismissed the hearing on Liuzza’s application for a local beer permit. The exception was based upon the applicant’s failure to file both State and local applications for permits within twenty-four hours of one another as allegedly required by LSA-R.S. 26 :278, to be set forth below. Plaintiff Liuzza then sought judicial review of the Board’s adverse action in the District Court having jurisdiction of his proposed place of business, in accordance with LSA-R.S. 26 :302. The District Court sustained an exception of no cause of action which was likewise based upon his non-compliance with LSA-R.S. 26:278; and he appeals the dismissal of his suit.
This statutory section pertinently requires that: “* * * An applicant shall mail or deliver his application for state and local permits within twenty-four hours of each other. If he fails to do so, his application may be denied by either the state or local authorities. * * * ” (Italics ours.)
We think, as the applicant-appellant urges, that the “state or local authorities” who may deny the application upon such ground are those to whom the application: must be made, namely the Collector of Revenue for the State permit, LSA-R.S. 26:271, and the parishes and municipalities for local permits, LSA-R.S. 26:273. And! we likewise agree with the appellant’s contention that the wording of the statute indicates — not that such applications must be dismissed when not filed within 24 hours of one another — but that the State or local authorities may within their discretion dismiss the application upon such ground; and that the provision that “the decision to withhold a local permit shall be made within thirty-five calendar days of the filing of an application” found in LSA-R.S. 26:283A (cf., identical provision for State permits, LSA-R.S. 26:283B) mandatorily requires a denial upon such ground to be made within thirty-five days of the date that the application was filed,
*475 The police jury resolution of March 19th (34 days after the application was filed, or within the statutory period) rejected Liuzza’s application for a local beer retail permit for the following stated reasons:
“1—Would be injurious to property owners.
“2—Would serve no useful purpose.
“3—Would pose a traffic problem and be dangerous to life and limb of motorist.
“4—Being in a residential section and without Police Protection.”
(As the resolution notes, these were substantially the reasons set forth in several identical petitions of opposition signed by several score local citizens, all notarized March 18, 1957, and filed at the police jury meeting the following day.)
Thus, it will be noted, the defendant police jury did not exercise its discretion to deny Liuzza’s application for a local beer permit because the local application had not been filed within 24 hours of the application for a State permit. Therefore, in the absence of action by the local administrative agency alone entrusted statutorily with the discretion to reject an application for such ground, the Board of Tax Appeals and the District Court were in error in dismissing plaintiff’s application because it had not been filed within 24 hours of the State application.
We do not find Frisard v. Lowe, La.App. Orleans, 79 So.2d 923, relied upon by defendant-appellee, to be controlling: first, because it does not appear from the opinion that the decision did other than uphold the local authority’s exercise of its discretion to deny the local application within 24 hours of the State application; and also because the main thrust of the opinion is the affirmance of the denial of a permit to operate in the same premises for which, within the preceding year, a permit had been revoked, see LSA-R.S. 26:291.
Defendant-appellee urges also that no cause of action is alleged by plaintiff’s petition since—it is argued—plaintiff should have specifically alleged that he possessed the statutory qualifications to receive a permit enumerated by LSA-R.S. 26:279 and that he had complied with all the statutory procedures in filing his application such as are set forth in LSA-R.S. 26:271, 273, and 278.
However, pleadings should be construed so as to yield as little as possible to technicalities and to serve the ends of justice and prevent useless costs and delays. All doubts as to the right of a plaintiff to recover under the allegations of a petition which states facts fairly informing the defendant of the nature of plaintiff’s claim should be resolved in favor of the sufficiency of the petition, and an exception of no cause of action thereto should be overruled, with the end in view of permanent disposition of the case on its merits after a full hearing of the parties. Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771; City of Gretna v. Gulf Distilling Corp., 207 La. 719, 21 So.2d 884; Lusco v. McNeese, La.App., 1 Cir., 86 So.2d 226; Gomez v. Pope Park, Inc., La.App., Orleans, 56 So.2d 229.
The allegations of plaintiff’s petition, showing that he applied for a local retail beer permit and the circumstances surrounding its denial, in our opinion adequately state a cause of action. (Further, were this not the case, amendment should be permitted rather than dismissing the suit for insufficient allegations, cf., Dupre v. Consolidated Underwriters, La.App. 1 Cir., 99 So.2d 522). Defendant’s exception of no cause of action will therefore be overruled.
Likewise, these allegations of the petition state a legal “interest” in plaintiff in the subject matter of the suit so as to require the overruling of defendant’s “exception of no right of action”, an exception which is also and perhaps more accurately sometimes denoted as the “exceptions of want of interest.” Wischer v. Madison *476 Realty Co., 231 La. 704, 92 So.2d 589, 591; Maryland Cas. Co. v. Gulf Refining Co., La. App., 1 Cir., 95 So.2d 734; Duplain v. Wiltz, La.App., Orleans, 174 So. 652.
Assuming the offensive, the appellant reminds us that the grounds for withholding issuance of a permit are statutorily restricted to those enumerated in Part II (Sections 271 et seq.) of Title 26, see e. g., Sections 272, 279, 280, 285, 286, and 286.1 thereof; and that neither the police jury’s resolution rejecting, nor the citizens’ petitions of opposition to, his application for a local beer permit were based upon any of such statutory grounds. Our attention is further called to the legislative mandate of LSA-R.S. 26:289 that: “No permit shall be withheld, suspended, or revoked except for causes specified in this Chapter”; and to LSA-R.S. 26:283E, which prohibits com sideration of petitions of opposition (such as the present) which do not set forth statutory causes for withholding a permit.
There is thus considerable equitable force to the further argument of appellant based upon these statutory provisions that this court should order, in accordance with his demand upon the merits, the issuance forthwith to him of his local retail beer permit so long withheld without legal cause. But the proceedings below simply involved a decision upon defendant’s exception of no cause of action; there was no answer to the merits or trial thereupon. We are cited to no authority enabling us, procedurally, to -render a judgment upon the merits in the absence of answer, default, or waiver thereof. Cf., Morris v. Williams, La.App. 1 Cir., 88 So.2d 721.
We do think this matter should be remanded to the District Court, and not to the Board of Tax Appeals as suggested. LSA-R.S. 26:302 providing for judicial review of board actions states that: “The appeals [to the District Court from adverse board action] shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.” The clear tenor of the entire statutory chapter calls for expeditious procedures, with which would be inconsistent a remand for further Board action and possible yet further judicial review, thus prolonging the period elapsing before final determination of whether the plaintiff’s application for a permit to sell beer should be granted or denied.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiff’s suit is reversed; and this case is remanded for further proceedings according to law.
ELLIS, J., not participating.
Reversed and remanded.