LANDRY, Judge.
By virtue of this appeal plaintiff-appellant, James R. Vice, seeks reversal of the judgment of the lower court dismissing his appeal from the action of defendants-ap-pellees, Collector of Revenue, State of Louisiana, and Assumption Parish Police Jury (hereinafter referred to and designated as “Collector” and “Police Jury”, respectively), denying plaintiff’s application for a permit or license to sell beer at retail in Assumption Parish, Louisiana. To the appeal taken by plaintiff-appellant to the court below, pleas of prescription were filed on behalf of defendants and sustained. It is from this action of the trial court that plaintiff has appealed.
The issue presented herein is solely one of law since there is no dispute between the parties as to the facts and circumstances giving rise to this litigation.
On January 9, 1961, plaintiff-appellant made application with defendant Police Jury and Collector for a retail beer permit in conformity with provisions of LSA-R.S. 26:271 et seq. which govern the issuance of permits for the retail vending of beverages of low alcoholic content, including beer.
Both Collector and Police Jury rejected the application in question and withheld or denied issuance of the requested permit as evidenced by a letter from the Collector to plaintiff-appellant dated March 3, 1961, which said communication reads in full as follows:
“March 3, 1961
“Registered Mail,

“Return Receipt Requested

“Mr. James R. Vice
“Celebrity Lounge No. 2
“Plwy. 1
“Labadieville, Louisiana
“Dear Mr. Vice:
“Please be advised that your application for a 1961 Retail Beer Outlet Permit is being withheld and denied for the reason that you cannot qualify for a permit under the provisions of [LSA] R.S. 26:283 [subd.] A, towit: The Assumption Police Jury refused to issue you a local permit.
“In the event you wish to appeal this action, you must file an appeal with the District Court within ten (10) days from the date of this letter.
“Very truly yours,
“/sgd/ H. P. Mounger, Jr.
H. P. Mounger, Jr., Chief
“Beer Permits & Enforcement Division
“HPM, JR: kcb”
Although the foregoing missal is shown to have been deposited in the United States *110 mail on the date it was written, namely, March 3, 1961, it was not received by plaintiff until March 20, 1961, on which date plaintiff inquired at the office of defendant Police Jury as to the status of his application and was then informed it had been denied by registered letter addressed to plaintiff c/o Celebrity Lounge No. 2, Highway 1, Labadieville, Louisiana, the address listed upon plaintiff’s application. On said same day, namely, March 20, 1961, plaintiff called at the Labadieville Post Office, received the aforesaid letter of March 3, 1961, from the Collector and subsequently on March 28, 1961, instituted this present action against defendants in conformity with the provisions of LSA-R.S. 26:302, which provides:
“§ 302. Any party aggrieved by a decision of the board of tax appeals to withhold, suspend, or revoke a permit or of the collector or local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, proposed or actual, as the case may be. Such appeals shall be granted by the clerk of court on written petition together with a bond for costs. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.
“Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect.”
The procedure whereby a local authority may withhold or deny an application for a retail permit of the nature herein involved is to be found in LSA-R.S. 26:283, subd. A the complete context of which is as follows
“§ 283. The right to determine what persons shall or shall not be licensed under this Chapter shall be exercised in the following manner:
“A. Municipal authorities and parish governing authorities, within their respective jurisdictions, shall investigate all applications filed with them for local permits and shall withhold the issuance of a permit where that action is justified under the provisions of this Chapter. This action may be taken without a prior hearing. The decision to withhold a local permit shall be made within thirty-five calendar days of the filing of an application. Within that period, the withholding authority shall notify the collector in writing that it is withholding the permit and shall give the reasons therefor. Upon receipt of this notice, supported by reasons enumerated in or authorized by this Chapter, the collector shall withhold the issuance of the applicant’s state permit. Within five calendar days after the receipt of this notice from the local authorities, the collector shall notify the applicant in writing of the withholding of the permits and shall assign reasons therefor. Such notice shall be either delivered to the applicant in person or sent to him by registered mail at the address given in his last application for a state permit. When so addressed and mailed, it shall be conclusively presumed to have been received by the applicant.”
The pleas of prescription advanced and relied upon by defendants-appellees is founded on the contention that since LSA-R.S. 26 :283, subd. A provides that mailing of notice of denial to the address listed on the application (as was done in the instant case) constitutes a conclusive presumption of its receipt, it follows that the 10 day prescriptive period for appeal specified in *111 LSA-R.S. 26:302 commenced to run against appellant herein on March 3, 1961. From the foregoing, appellees further reason that since appellant is conclusively charged with receipt of the notice on March 3, 1961, and his appeal was not taken until March 28, 1961, it necessarily follows the appeal herein was belatedly instituted as more than 10 days elapsed between March 3, 1961 and March 28, 1961.
On the contrary, appellant maintains the 10 days prescriptive period for appeal provided by LSA-R.S. 26:302 does not commence to run until actual receipt of the required notice and since the record shows such notice was not in fact received by appellant until March 20, 1961, his appeal taken March 28, 1961, was, therefore, timely taken and the pleas of prescription improperly sustained by the court below.
The view which we take of this matter considering the condition of the record as we presently find it obviates the necessity of deciding the question of whether the 10 day prescriptive period for appeal set forth in LSA-R.S. 26:302 commences to run from the date of the mailing of the notice or whether same begins to run only from the date of actual receipt of such notice.
In a previous decision rendered by this court, namely, Liuzza vs. Tangipahoa Parish Police Jury, La.App., 101 So.2d 473, we held that the language found in LSA-R.S. 26:283, subd. A to the effect that decision by a local authority to withhold issuance of a retail beer permit shall be made by such local authority within 35 days of filing of the application, renders such requirement mandatory as distinguished from permissive or discretionary. By the same reasoning, we note that the burden encum-bent upon the Collector to notify the applicant of the reason for the denial or withholding of a permit is no less mandatory inasmuch as the statute clearly, expressly, and unambiguously states, “Within five calendar days after the receipt of this notice from the local authorities, the collector shall notify the applicant in writing of the withholding of the permits and shall assign reasons therefor.” We believe that use of the word “shall” in defining the duty of the Collector to assign reasons for denial in the notice required to be sent an applicant under the terms of LSA-R.S. 26:283, subd. A was obviously intended to inform and apprise an unsuccessful applicant of the legally authorized grounds and reasons upon which the denial or withholding was predicated. Without such information or knowledge an applicant would remain totally uninformed of the reasons prompting the rejection or denial of his application, a result which the aforesaid statutory provision was obviously designed to prevent.
We note with more than passing interest that the sole reason given by the Collector in his letter of March 3, 1961, informing appellant of the rejection of applicant’s application is stated as follows: “ * * * your application for a 1961 Retail Beer Outlet Permit is being withheld and denied for the reason that you cannot qualify for a permit under the provisions of [LSAjR.S. 26:283 [subd.] A, towit: The Assumption Police Jury refused to issue you a local permit.”
It is elementary that neither of the defendants herein may decline issuance of the permit sought except for a reason specifically authorized by law. It is equally clear that refusal to grant such a permit for any reason other than one expressly set forth by the Legislature would be a flagrant violation of applicant’s Constitutional rights and, as such, absolutely null, void and of no effect.
No better authority for the foregoing pronouncement may be found than that portion of LSA-R.S. 26:283, subd. A itself which authorizes a local authority to withhold or refuse a permit in instances “where that action is justified under the provisions of this Chapter.” We believe that the quoted language can only mean that a permit-can be lawfully withheld solely, only and exclusively for reasons provided in the stat *112 ute itself. See, for example, LSA-R.S. 26:279, which sets forth, inter alia, that an applicant shall be a person of good moral character and reputation and over 21 years of age. In our opinion, a reasonable and fair interpretation of the words “and shall assign reasons therefor” as used in the statute in question means that the notice man-datorily required to be sent applicant must of necessity specify the authorized reason or reasons upon which denial of the local authority is predicated.
Any other interpretation of the statute in question would, in our opinion, open the door to the possibility of arbitrary, capricious and unreasonable denial of such licenses by those authorities charged with the issuance thereof. We wish it clearly understood, however, we impute no illegal, arbitrary, capricious or unreasonable conduct to either defendant in the case at bar at this juncture.
Adverting to the notice received by appellant herein, we observe that instead of informing applicant of a legally authorized reason for the denial, rejection and refusal of his permit, it is merely stated therein that the Collector withholds permit solely for the reason defendant Police Jury refused to issue a local permit. We have carefully searched Title 26 LSA-R.S. in its entirety and have failed to find therein any authority for the Collector to refuse issuance of a permit merely because a municipality or police jury has declined to issue a local permit. Unquestionably, the reason given in the notice received by plaintiff is not a legally authorized ground for denial of a permit.
While it may well be that defendant Police Jury does have and may, on trial of this matter on the merits, establish legal cause for denial of a local permit, the fact nevertheless remains said reason or reasons, if any, are not disclosed in the notice received by the present applicant.
It is the opinion of this Court that notice which fails to comply with the mandatory provision of the statute to the effect that such notice shall state the reason or reasons for denial is in legal contemplation tantamount to no notice at all and cannot serve as the basis or foundation of a plea of prescription under LSA-R.S. 26:302.
Nothing herein contained is deemed in contravention of the holding in Liuzza vs. Tangipahoa Parish Police Jury, supra, which former decision we believe to be clearly distinguishable from the case at bar. In the Liuzza case, supra, we held that where a local authority withholds issuance for an enumerated but unauthorized reason, the permit could not be denied by the Board of Tax Appeal (the predecessor of present defendant Collector) for legal reasons not made the basis of the original refusal.
In the case presently under consideration the fatal error consists of the failure of Collector to inform appellant of the authorized reasons (if any) specified by defendant Police Jury as ground for withholding applicant’s local permit. It was manifestly incumbent upon Collector to apprise appellant as to the cause of his disqualification or ineligibility as found and declared by Police Jury herein. It neither suffices nor meets the mandatory statutory requirement for Collector to simply inform applicant of the latter’s disqualification without setting forth the authorized reason or reasons therefor relied upon by the local authority.
We cannot, however, on the basis of the record before us determine whether the action of the local authority in this instance was arbitrary, illegal, unreasonable and capricious or whether it was founded upon grounds authorized by the statute. A determination of this issue can be made only upon trial on the merits.
 The notice in the case before us may not serve as the basis of defendants’ pleas of prescription for the additional reason it was not timely given under the clear, express and unambiguous mandatory provisions of Section 283, subd. A as herein-above set forth. It will be noted the stat *113 ute expressly requires that the decision of the local authority to withhold an application Shall be made within 35 days of the filing of an application within which period the local authority Shall notify the Collector in writing following which notification the Collector Shall in turn within 5 days of receipt of notice from the local authority notify applicant. Beyond question the statute clearly imposes a maximum delay of 40 days from the date of application during which applicant Shall be notified of the denial or withholding of his permit. In view of the language employed, more specifically, the reiterative Legislative choice of the word Shall in each instance mentioned, the provisions can he deemed none other than mandatory. The notice in question having been sent 53 days subsequent to the filing of the application by plaintiff was tardily given and, therefore, may not serve as the basis of defendants’ pleas of prescription.
In conformity with the ruling of this Court in Liuzza vs. Tangipahoa Parish Police Jury, supra, no pronouncement herein contained is to be construed as prohibiting or barring the right and duty of defendant Police Jury to withhold applicant’s permit for any lawful, authorized reason initially relied upon by said Police Jury in declaring appellant’s ineligibility and disqualification.
In the Court below defendants Police Jury and Collector each excepted to the jurisdiction of the trial court on the ground plaintiff herein had not exhausted his administrative remedies in that plaintiff should have appealed to the Board of Tax Appeals instead of the district court of Assumption Parish. The trial court overruled defendants’ exceptions to the jurisdiction and since defendants have neither appealed nor answered plaintiff’s appeal said exceptions are presumed abandoned.
From the foregoing, it necessarily follows that the judgment of the trial court in sustaining defendants’ pleas of prescription was erroneous and must be reversed.
Reversed and remanded.