HALL, Judge.
This case is before this court on both a writ of certiorari issued on the application of the Village of South Mansfield and an appeal taken by the Village.
The suit originated as an appeal filed by plaintiff, Robert J. Hargett, pursuant to R. S. 26:104 and R.S. 26:302, from a decision of the Village Council of the Village of South Mansfield denying plaintiff’s application for renewal of liquor and beer permits for the year 1972-1973. After trial, the district court rendered judgment reversing and vacating the action of the Village Council and ordering the Village and its Council to issue to plaintiff liquor and beer licenses for the fiscal year 1972-1973. By written motion and order defendants were granted a suspensive appeal to the Court of Appeal from the judgment insofar as the judgment required issuance of a permit for the sale of beverages of high alcoholic content and a devolutive appeal from the judgment insofar as it required issuance of a permit for the sale of beer. Subsequently, on plaintiff's motion, the district court corrected and amended its previous order to provide that the defendants were granted a devolutive appeal only from all aspects of the judgment.
Defendants applied to this court for a writ of certiorari seeking to set aside the order of the district court making the appeal devolutive in nature as to both the issuance of the liquor license and the beer license and to compel the granting of a sus-pensive appeal as to that portion of the judgment affecting the issuance of a liquor license. The writ was granted by this court.
WRIT OF CERTIORARI
The primary basis of the application for writs is the Village’s contention that it is entitled to a suspensive appeal from that part of the judgment of the district court determining that its decision in withholding the liquor permit was in error, under the provisions of R.S. 26:104 which provides in part:
“Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the board or the applicant for a permit or permittee, as the case may be, may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases and shall be devolutive only. If the district court determines that the decision of the board or of the local authorities in withholding, suspending, or revoking the permit was in error, the decision of the board or local authorities shall not be voided if the board or local authorities take an appeal to the Court of Appeals in the time provided for suspensive appeals.”
Arguments on both the writ and the appeal were set on the same date. Inasmuch as this court has now considered and is rendering its decision on the merits of the appeal, the issue as to the nature of the appeal raised by the writ application is moot. For this reason it is unnecessary to consider the substance of the issue raised by the writ application and the writ of cer-tiorari previously issued is recalled, vacated and set aside.
THE APPEAL
On appeal the Village specifies that the district court was in error (1) in refusing to uphold the exception of prematurity filed by defendants and (2) in refusing to uphold the decision of the Village Council *380 denying the applications for renewal of plaintiff’s liquor and beer permits.
In 1969, pursuant to Ordinances Nos. 6 and 7 of 1969 of the Village of South Mansfield, plaintiff was issued Class B Retail Dealer Permits for the sale of beverages of high alcoholic content and low alcoholic content. He also applied for and was issued the requisite state permits. Renewal permits were issued pursuant to plaintiff’s application by both state and local authorities for the fiscal years 1970-1971 and 1971-1972.
On April 4, 1972, plaintiff timely filed applications on forms provided by the Village of South Mansfield for renewal of his liquor and beer permits for the fiscal year 1972-1973, attaching to his application bank money orders for the required fees. Question No. 7 on the application called for the full name of the person who will personally manage or superintend the business operation at the place designated and plaintiff filled in his own name. At a Council meeting held on April 29, plaintiff was advised that his applications would not be granted because the business was, in fact, being managed by another person whose name was not provided on the form. Plaintiff took back his application forms, prepared new ones showing the name of the person who would manage the business operation as Francis Ruffin, and refiled the applications on May 1, 1972. The minutes of a Council meeting held on May 15, 1972, show that plaintiff’s applications were denied for the following reasons:
“1.) During the Year of 1969, Robert J. Hargett, owner of the permit for Surv-all Liquors transferred an interest in the Business to James Roy Matthews. There was no disclosure made to the Village Council of this change in ownership nor was it disclosed to the Village when James Roy Matthews transferred his partnership interest back to Robert J. Hargett. Louisiana Revised Statute 26:79, Section B, provides that all Partnership agreements must be disclosed to the governing body of the municipality at the time such agreements are entered into.
“2.) During the years 1971-72, Robert J. Hargett turned over the operation and management of Surv-all Liquors to Francis Ruffin. This fact was never disclosed to the Village Council as is required by Louisiana Revised Statute 26 :- 79 Section B.
“3.) An initial application for permits for 1972-73 was submitted by Robert J. Hargett for Surv-all Liquors wherein he stated in Paragraph 7 that he would personally manage and superintend the operations of the Liquor Store. The investigation of the Village Council revealed that this information was false and that Francis Ruffin was, in fact, managing the operation of this establishment. This information constituted a breach of Louisiana Revised Statute 26:79, Section B, and Louisiana Revised Statute 26:89, Section 2.
“4.) Finally, on May 1, 1972, revised applications were submitted to the Council by Robert J. Hargett. In paragraph 7 of these applications, Francis Ruffin was the name of the person disclosed who would manage or superintend the business of the store. However, the applicant failed to attach an affidavit to these applications stating that Francis Ruffin also possesses the qualifications required of the applicant as is prescribed in Louisiana Revised Statute 26:79, Section B. This disclosure of the fact that Francis Ruffin was managing the business further substantiated the grounds for this denial listed in Paragraph 2 above.
“5.) The numerous violations listed above have indicated a pattern of deceit and subterfuge on the part of Robert Hargett and leave the Council no other alternative except to refuse to renew the Liquor and Beer Permits of Robert J. Hargett for Surv-all Liquors.”
*381 By letter dated May 8, 1972, postmarked May 16, 1972, and received by plaintiff on May 18 or 19, plaintiff was advised of the denial of his applications and the reasons therefor. On May 25, 1972, within ten days after the decision, plaintiff timely filed an appeal from the Village Council’s decision in the district court. On May 22, 1972, plaintiff refiled his applications with the Village Council, attaching thereto an affidavit by the manager, Francis Ruffin, as to his qualifications.
Defendants filed a dilatory exception of prematurity contending that since plaintiff refiled his application with the Council on May 22, and since the Council has not acted on this application within the delays provided by law, plaintiff’s appeal to the district court was premature. We concur in the district court’s judgment overruling the exception. Plaintiff’s appeal was taken from the formal decision of the Council denying plaintiff’s applications which was rendered at its meeting on May 15, 1972. The appeal was properly and timely perfected on May 25, 1972, in conformity with LSA-R.S. 26:104. The fact that plaintiff also filed an amended application and affidavit with the Council does not affect plaintiff’s right under the statute to appeal from the adverse decision of the Council to withhold the permits and his right to seek a judicial determination of whether the Council’s denial of his original applications was proper.
We turn now to a consideration of the correctness of the Council’s action in denying plaintiff’s applications for renewal of his liquor and beer permits. A local authority may decline issuance of a permit only for a reason specifically authorized by law. Vice v. Assumption Parish Police Jury, 135 So.2d 108 (La.App. 1st Cir. 1961).
The state law pertaining to permits for the sale of alcoholic beverages of high alcoholic content is contained in LSA-R.S. 26:71-106. The state law relating to permits for the sale of alcoholic beverages of low alcoholic content is contained in LSA-R.S. 26:271-304. R.S. 26:73 and 273 provide that parishes and municipalities may issue and require local permits and fees. R.S. 26:77 and 277 provide for the contents of applications for permits. These sections provide that the application shall be in writing and sworn to and shall contain the full name of the applicant, his correct home address and an accurate description and correct address of the premises wherein the business is to be conducted and shall be accompanied by an affidavit of the applicant showing he meets the qualifications and conditions set out in R.S. 26:79 and 279. R.S. 26:79 and 279 set forth the qualifications and conditions required of applicants for state and local permits. Subsection B of both sections provides that if the applicant’s business is to be conducted wholly or partly by one or more managers, agents, servants, employees or other representatives, that person shall also possess the qualifications required of the applicant. Section 79, subd. B, but not Section 279, subd. B, requires that such qualifications be shown by the affidavit of each such person accompanying the application. Subsection C of Sections 79 and 279 provide that if the applicant or any other person required to have the same qualifications does not possess such, the permit may be denied. R.S. 26:84 and 282 provide that municipal authorities with respect to local permits may withhold the issuance of permits in the manner and under terms and conditions specified in the respective chapters. Sections 85 and 283 provide that municipal authorities shall investigate all applications filed with them and shall withhold the issuance of a permit where that action is justified under the provisions of the respective chapters. Sections 86 and 284 provide that renewal permits may be withheld or denied on the same grounds and in the same manner as an original permit.
Sections 88 and 285 set forth certain regulations and provide that violation of *382 the provisions of these sections is sufficient cause for suspension or revocation of a permit. Sections 89 and 286 set forth additional causes for suspension or revocation of permits. Section 286.1 provides that all causes enumerated in the chapter as sufficient cause for suspension or revocation shall also be sufficient cause for withholding or denying a permit. Sections 91 and 289 provide the procedure for suspending or revoking a permit, which can only be done after a hearing. Sections 92 and 289 provide that no permit shall be withheld, suspended or revoked except for causes specified in the respective chapters. Sections 103 and 301 provide that decisions of the local authorities in withholding permits are final and binding on all parties unless appealed and finally reversed by the courts. Sections 104 and 302 provide the procedure for an appeal to the courts.
The first reason given by the Village for denying plaintiff’s applications was that during the year 1969, plaintiff transferred an interest in the business to one James Roy Matthews but made no disclosure to the Village Council of the change in ownership or the reacquisition of the interest from Matthews. The evidence shows plaintiff entered into a partnership agreement with Matthews in May, 1969, and terminated the partnership arrangement in December, 1969. No formal disclosure of the partnership arrangement was made to the Village Council but the evidence shows that several members of the Council had actual knowledge of the situation. In fact, Matthews himself was a member of the Council at the time.
Perhaps plaintiff should have notified the Council of the temporary arrangement in 1969, and perhaps his failure to do so may have been grounds for suspension of his permits at that time. Plaintiff did not, however, violate R.S. 26:79 and 279, Subsection B, as that section relates to information to be furnished in applications. The partnership arrangement did not exist on any date when applications were filed and, therefore, plaintiff had no reason to include this information in his applications. In any event, the partnership was dissolved in 1969, subsequent permits were issued for two ensuing fiscal years, and the existence of such arrangement and the nondisclosure thereof in 1969 is certainly not reasonable grounds for denying a renewal permit for the years 1972-1973.
The second, third and fourth reasons given by the Village Council for denying plaintiff’s applications relate to the employment by plaintiff of Francis Ruffin to serve as manager of the business, the failure of plaintiff to list Ruffin’s name in paragraph 7 of the application, and the failure of plaintiff to attach to his application an affidavit by Ruffin as to Ruffin’s qualifications. The evidence shows that Ruffin was employed by plaintiff in February, 1972, and that his duties were such that he should be considered a manager of defendant’s business under any reasonable interpretation of that term. The evidence further shows, however, that at the Council meeting in April, when the question of listing Ruffin as a manager on the application came up, after some discussion as to whether Ruffin should be listed as such, plaintiff readily withdrew his original application and prepared a new one listing Ruffin as the manager. The evidence does not indicate any deceit or subterfuge or intentional misrepresentation on plaintiff’s part. In fact, the evidence shows plaintiff had informally advised one or more members of the Council of his arrangement with Ruffin.
When plaintiff refiled the applications listing Ruffin as manager, he did not attach an affidavit of Ruffin as to Ruffin’s qualifications. R.S. 26:79(B) requires such an affidavit, but R.S. 26:279(B) does not. The ordinances of the Village of South Mansfield do not contain any such requirement of an affidavit by a manager. The ordinances track the language of R.S. *383 26:77 and 277 requiring only an affidavit by the applicant. The ordinances further provide:
“All applications for permits shall be made on a form to be printed by and provided by the Village of South Mansfield which shall be commonly referred to as the ‘Liquor Permit Application’.”
The application form furnished by the Village and completed and filed by plaintiff does not provide for an affidavit by the manager.
Plaintiff’s applications complied in all respects with the local ordinances and with the forms provided by the Village Council. The affidavit by Ruffin as to his qualifications was furnished by plaintiff as soon as he received notice of the denial of his applications and the affidavit was placed in evidence at the trial de novo in the district court. There is no contention by the Village of South Mansfield that plaintiff, or the manager, Ruffin, do not, in fact, possess all of the qualifications required by state law and the local ordinances for the issuance of permits. Under these circumstances, the action of the Village Council in denying the permits was not justified.
The fifth reason given by the Council for denying the applications was that plaintiff had followed a pattern of deceit and subterfuge in submitting his various applications. The evidence does not support a finding that plaintiff intended to deceive the Council or to act in anything other than good faith.
We find that plaintiff has substantially complied with all of the qualifications and conditions required by express law in his applications for renewal of the permits, and that the action of the Village Council in denying the permits was erroneous. Plaintiff is entitled to issuance of the renewal permits and for the reasons assigned, the judgment of the district court so holding is affirmed.
Affirmed.