BURGESS, Judge.
Plaintiff, Jerry Cantelupe, is appealing from the judgment of the district court in a mandamus proceeding which rejected his demand that defendant, City of Bossier City, be ordered to issue him a liquor permit for the year 1975. The trial court found that Cantelupe failed to meet the requirements of Louisiana Revised Statutes 26:79, subd. A(5) in that he had been convicted of the crime of attempted contributing to the delinquency of juveniles. We reverse the judgment of the district court *345 and order the issuance of a liquor permit for the year 1975 to plaintiff, subject to his compliance with any and all other applicable provisions of the law.
Cantelupe was the holder of a valid city retail liquor permit for the calendar year of 1974 in connection with the operation of a lounge in Bossier City and had applied for a 1975 permit.
By letter dated December 17, 1974, the mayor of Bossier City informed Cantelupe that his application had been, disapproved by the Commissioner of Public Safety and that a hearing on his application would be held by the City Council on December 30, 1974. The mayor’s letter set forth the following grounds for disapproval of the application :
“a. Failure to meet the qualifications of the Code of Ordinances of Bossier City, Louisiana, Section 5-22 and Section 5-30;
“b. Failure to meet the qualifications of Louisiana Revised Statutes 26:79 and 26:279: conviction of the crime of attempted contributing to the delinquency of a juvenile;
“c. Violating the provisions of the Code of Ordinances of Bossier City, Louisiana, Section 5-31 and Section 5-7; employing or permitting a person under eighteen (18) years of age on the premises.”
A hearing was held on December 30, 1974, which resulted in the denial of plaintiff’s application for a liquor permit. On December 31, 1974, plaintiff filed a “petition for mandamus” in the district court requesting that the City Council show cause why it should not be ordered to issue a 1975 liquor permit to plaintiff. Plaintiff also requested and was granted an order staying the enforcement of the City Council’s resolution and permitting him to operate his lounge until final determination of his application for a license. The city answered plaintiff’s petition in the form of a general denial but made no objection to the use of the mandamus form of procedure.
Trial of the mandamus proceeding was held on January 10, 1975. Evidence at trial consisted of several stipulations and documentary evidence. The parties stipulated that Cantelupe had been convicted of the crime of attempted contributing to the delinquency of juveniles; that this conviction was a responsive verdict to a charge of contributing to the delinquency of a juvenile; that the only evidence that Cante-lupe had employed a person under the age of 18 was in the transcript of the criminal trial; and that his conviction was not a felony. The documentary evidence consisted of the letter from the mayor which stated that Cantelupe’s application had been disapproved and gave notice of the reasons for the denial; the ruling of the city council at the hearing on December 30, 1974; and the bill of information, minutes, and transcript of Cantelupe’s criminal trial. The latter documents were admitted in evidence subject to the objection of Cante-lupe’s counsel.
The trial court took the matter under advisement. Judgment rejecting plaintiff’s request for mandamus was signed on February 11, 1975. In his written reasons for judgment the trial judge based his refusal to order the issuance of a 1975 license solely on the ground that plaintiff had been convicted of attempting to contribute to the delinquency of a juvenile. The trial judge stated that La.R.S. 26:79, subd. A(5) requires that an applicant for a liquor permit shall not have been convicted of contributing to the delinquency of juveniles. He reasoned that “an attempted crime is, by its own definition, not a different crime from the intended crime, but is a lesser grade of the same crime. Therefore, the city council was justified, upon proof of conviction of the crime of attempted contributing to the delinquency of a juvenile, in denying petitioner’s request for a license renewal.”
After the district court’s rejection of his demands, Cantelupe petitioned this court *346 for a stay order, which application was denied with one judge dissenting. Plaintiff then applied to the Supreme Court for an order staying the closing of his lounge pending final determination of his appeal. The Supreme Court granted the stay order.
In his appeal to this court Cantelupe argues the district court erred in holding that the city council properly refused his application for a permit on the ground that plaintiff failed to meet the requirements of R.S. 26:79, subd. A(5).
Defendant contends the judgment below is correct for the reasons expressed by the trial judge in his written opinion. Defendant also argues that the refusal of the city council to issue a 1975 permit was justified under the authority of R.S. 26:79, subd. A(5) and R.S. 26:88(1), (3), (8). These statutes provide that an applicant may not have been adjudged to be in violation of any of the provisions of Title 26, Chapter I, .among which provisions are sections prohibiting the sale of alcoholic beverages to anyone under the age of 18 and the employment of anyone under the age of 18 when the sale of alcoholic beverages constitutes the main business. This was not one of the grounds for denial of plaintiff’s application for a 1975 permit enumerated by the mayor in his letter to Cantelupe on December 17, 1974, nor was it argued at the trial of the mandamus proceeding in the district court.
This appeal presents two issues: (1) is the conviction of the attempt to contribute to the delinquency of a juvenile grounds for the denial of a liquor permit under R. S. 26:79, subd. A(5) ; (2) may defendant argue for the first time in this court that the application was properly denied for plaintiff’s failure to meet the requirements of R.S. 26:79, subd. A(7) by reason of his alleged violation of R.S. 26:88(1), (3), (8)?
Before considering these issues, it is important to note that the letter informing plaintiff that his application had been denied listed failure to meet requirements of and the violation of several ordinances of Bossier City. On appeal the city has not urged these ordinances as grounds to support the denial of plaintiff’s permit. The ordinances were never filed in evidence and are not part of the record. There has been no allegation that the terms of La.R.S. 13:3712(B) have been complied with so that this court might take judicial notice of the ordinances of Bossier City. Therefore, this court may not consider the ordinances as grounds to deny plaintiff’s 1975 liquor permit since they are not part of the record of this case.
Louisiana Revised Statutes 26:79, subd. A(5) provides:
“A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions:
******
(5) Has not been convicted in this or in any other state or by the United States or any other country of soliciting for prostitution, pandering, letting premises for prostitution, contributing to the delinquency of juveniles, keeping a disorderly place, or illegally dealing in narcotics.
******
(Emphasis supplied)
The parties stipulated that a jury returned a vérdict against Cantelupe of guilty of attempting to contribute to the delinquency of a juvenile in response to a charge of contributing to the delinquency of a juvenile. The district court held that the conviction of the attempt was sufficient grounds to deny issuance of a permit under the authority of R.S. 26:79, subd. A(5).
Revised Statutes 14:27(C) provides that “an attempt is a separate but lesser grade of the intended crime . . .” Article 598 of the Code of Criminal Procedure states that “[w]hen a person is found guilty of a lesser degree of the offense *347 charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the [same] indictment .” It is apparent, therefore, that the jury’s responsive verdict of guilty of an attempt to contribute to the delinquency of juveniles was an acquittal of the greater offense of contributing to the delinquency of juveniles, the charge in the bill of information against Cantelupe.
Courts have held on several occasions that a liquor permit may be denied only for those reasons specifically provided by law. In Vice v. Assumption Parish Police Jury, 135 So.2d 108 (La.App. 1st Cir. 1961), the court stated:
“It is elementary that neither of the defendants herein may decline issuance of the permit sought except for a reason specifically authorized by law. It is equally clear that refusal to grant such a permit for any reason other than one expressly set forth by the Legislature would be a flagrant violation of applicant’s Constitutional rights and, as such, absolutely null, void and of no effect.”
See also Harrison v. Commission Council of Bogalusa, 169 So.2d 159 (La.App. 1st Cir. 1964) and Hargett v. Village of South Mansfield, 271 So.2d 378 (La.App. 2d Cir. 1972).
The statute states that an applicant cannot have been convicted of contributing to the delinquency of a juvenile. Conviction of the “attempt” to do that crime is not one of the grounds to deny a liquor permit. Furthermore, the responsive verdict of guilty of the “attempt” constituted an acquittal of the crime itself. Therefore, we find the district court erred in refusing to order the issuance of plaintiff’s 1975 liquor permit on the ground that plaintiff failed to meet the qualifications of La.R.S. 26:79, subd. A (5).
Defendant in its brief filed with this court has, for the first time, contended plaintiff failed to meet the requirements of R.S. 26:79, subd. A(7), in that the transcript of Cantelupe’s criminal trial shows that he violated the provisions of R.S 26:88(1), (3), and (8).
Revised Statutes 26:96 and 33:4787 require that an applicant be given notice of the cause or causes for refusing the application for a permit. Since the notice mailed to plaintiff by the mayor did not enumerate plaintiff’s failure to meet the requirements of R.S. 26:79, subd. A(7) by reason of his violation of R.S. 26:88(1), (3), (8) as a cause for denying his application for a permit, we find that defendant may not now advance that argument as justification for its denial of plaintiff’s application for a 1975 permit.
Accordingly, the judgment of the district court rejecting plaintiff’s demands is reversed, and it is ordered that the City Council of Bossier City issue to plaintiff, Jerry Cantelupe, a 1975 liquor permit subject to his compliance with any and all other requirements of law.