FRUGÉ, Judge.
Claudia M. Dunn, et vir instituted an action against Government Employees Insurance Company as the alleged insurer of an automobile driven by Ronald Tison, the minor son of Joseph and Ruby Tison. Subsequently, plaintiffs filed a supplemental and amending petition naming their liability insurer, State Farm Mutual Insurance Company, as a defendant under the uninsured motorist provision of the insurance contract with that company. Joseph Tison was also made a defendant. Government Employees Insurance Company moved for summary judgment dismissing it from the case and the trial court granted the motion. Plaintiffs and State Farm Mutual Insurance Company then appealed to this court.
The record shows that Mrs. Ruby Tison and her sons, ’ Graeme, age 22, and Ronald, age 16, lived at 1411 Kathy Street in Alexandria, Louisiana, at the time of the accident. Mrs. Tison and Ronald had lived continuously at this address for years, and so had Graeme, except for a brief period when he attended Louisiana Tech approximately one year before the accident. Both sons were unemployed and depended on their mother for support. However, Joseph Tison, Mrs. Ruby Tison’s husband, for five years had lived alternatively at Central Louisiana State Hospital and with Mrs. Tison’s parents in Baskin, Louisiana. He periodically visited his family in Alexandria but had not lived *466 there for some five years prior to the accident.
State Farm Mutual contends that the motion for summary judgment should not have been granted because there was a material fact at issue, that is, the domicile of Joseph Tison. If there is a material factual issue then a motion for summary judgment cannot be granted. La.Code Civ.P. art. 966; Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3d Cir., 1966); Green v. Southern Bell Telephone & Telegraph Company, 204 So.2d 648 (La.App. 3d Cir., 1967). In the instant case, however, all parties agree as to the physical location of each of the parties, but differ in their interpretation as to the legal effect of their various locations. It is therefore, a question of law rather than a question of fact.
The essential issue in this case is whether or not Graeme Tison is a "resident of the same household” as his mother or father who are both “named insureds” by the terms of the policy. The policy issued by Government Employees Insurance Company to Mrs. Tison covers a “non-owned automobile” (“an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile”) driven by any “relative” (“means a relative of the named insured who is a resident of the same household”). Therefore if Graeme is considered “a resident of the same household” there is no coverage under the “non-owned automobile provision”. Conversely if he is not “a resident of the same household” there would be coverage while Ronald (clearly a resident of the same household) is driving Graeme’s car.
State Farm correctly contends that by virtue of La.Civ.Code art. 39 the domicile of Mrs. Tison is that of her husband’s and the domicile of Ronald, a minor, is that of his father. Therefore, Mrs. Tison and Ronald are domiciled in Baskin, Louisiana, assuming Joseph Tison is domiciled there, while Graeme is domiciled in Alexandria. However, the insurance contract uses the term resident rather than domicile and while a person may have only one domicile he may have several residences. Foreman v. Jordan, 131 So.2d 796 (La.App. 3d Cir., 1961); Vehrs v. Jefferson Insurance Company, 168 So.2d 873 (La.App. 3d Cir., 1964); Stavis v. Engler, 202 So.2d 672 (La.App. 4th Cir., 1967); Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (1965).
It is clear that Mrs. Tison, wherever her domicile, was in fact a resident of 1411 Kathy Street in Alexandria as was her son, Graeme. Both were members of the same household. State Farm Mutual relies on the Taylor case, supra, in contending that Mrs. Tison must be considered a resident of Baskin. In that case the policy of Arkansas parents was held to cover their minor son who had graduated from high school and had lived and worked with his uncle in Louisiana for about two months. The minor son was considered a resident of his father’s household as well as a resident of Louisiana. That case is distinguishable from the instant case in that having a residence in two places provided coverage in the former whereas it excludes coverage in the latter.
Appellant invokes the principle that if the terms of an insurance contract are ambiguous, the ambiguity is construed so as to provide coverage. However there is no ambiguity as to whether or not Mrs. Tison was a resident of the same household as Graeme and by the plain terms of the insurance contract coverage is excluded.
For the foregoing reasons the jrtdgment of the trial court is affirmed at defendant-appellant’s cost.
Affirmed.