341 So.2d 891 (1977)
Herman PIERRE et ux.
v.
Bevelyn D. LANDRY and Fireman's Fund Insurance Company.
No. 58309.
Supreme Court of Louisiana.
January 26, 1977.
*892 Leon C. Vial, III, Vial, Vial & Lemmon, Hahnville, for plaintiffs-applicants.
William S. Marshall, Jr., Dillon & Williams, New Orleans, for defendants-respondents.
DENNIS, Justice.
This is a damage suit arising out of an accident on a highway involving the operator of an automobile, a pedestrian and the doctrine of last clear chance. In his written reasons for judgment the trial judge found both the driver of the vehicle and the pedestrian negligent, but further found that the driver had the last clear chance to avoid the accident, and, because the motorist was uninsured, rendered judgment in favor of the pedestrian and her husband against their uninsured motorist insurer. Judgment was rendered in favor of the insurer on its third party demand against the uninsured driver.
The court of appeal reversed stating that it did not find evidence in the record to support the lower court's determination that the automobile driver failed to see what she should have seen, viz., the plaintiff pedestrian in the highway ahead, in sufficient time and at a sufficient distance to avoid the accident. We granted writs to ascertain whether the evidence furnished a reasonable factual basis for the trial court's finding. Canter v. Koehring, 283 So.2d 716 *893 (La.1973). For the reasons hereinafter stated, we reverse the decision of the court of appeal and reinstate the trial court judgment.
Except for the plaintiff pedestrian's testimony, which was apparently rejected in part by the trial judge, there is little dispute as to the facts. The accident occurred in a rural part of St. John the Baptist Parish at a place where the river road makes a gradual "S" curve. On March 5, 1973, at about 7:45 a.m., Pearl Pierre was walking south on a sidewalk parallel to the highway when she encountered an area where her path was flooded. To avoid the water, she stepped into the roadway and continued her southerly journey. The opposite side of the highway bordered the Mississippi River levee with a ditch and a narrow shoulder separating them. Although it had rained heavily earlier, at this time a light drizzle was falling and visibility was good.
Bevelyn Landry, the defendant motorist, was driving at a speed of thirty to forty miles per hour as she overtook Ms. Pierre from the rear. She did not see Ms. Pierre in the roadway until her vehicle was forty feet away, and she applied her brakes immediately upon seeing the pedestrian. However, Mary Cambre, a friend and coworker of Ms. Landry, who was following in another vehicle three car lengths behind, could clearly see Ms. Pierre in the road at the moment Ms. Landry applied her brakes. Therefore, the record supports a finding that Ms. Landry could and should have seen the victim in the highway when her vehicle was several car lengths from the point at which she first saw Ms. Pierre. Despite application of her brakes Ms. Landry was unable to avoid striking Ms. Pierre at a point on the pavement two feet from the shoulder of the south-bound lane. Both Ms. Cambre and Ms. Landry testified that Ms. Pierre was first observed in the middle of the road, that she apparently realized her danger and started to cross the north-bound lane toward the levee, but, because a third vehicle was approaching in this lane, she unsuccessfully attempted to retrace her steps and reach the shoulder along the south-bound lane.
Ms. Pierre testified she had walked southward down the highway some one hundred feet past the point where she abandoned the sidewalk before being struck, but she claimed to have kept to the shoulder rather than the paved surface. Ms. Cambre had the impression that Ms. Pierre was attempting to cross the highway, but Ms. Landry said she appeared to be walking southerly toward Luling.
Undoubtedly the court of appeal found more convincing than the rest of the evidence those portions of testimony by Ms. Pierre and Ms. Cambre which would support a theory that the plaintiff pedestrian suddenly entered the highway, in an attempt to cross, in the face of the defendant's oncoming vehicle. It concluded the plaintiff was not on the road for any appreciable period of time before she was struck, but that she suddenly entered the road, foreclosing any chance that Ms. Landry could have avoided the accident.
In our view, however, the record more than adequately supports the findings of the trial judge. The inferences drawn from the evidence by the court of appeal were not unreasonable, but it was not entitled to substitute its findings of fact for the reasonable evaluations of credibility and reasonable inferences of fact made at the trial.
Nor do we find that the district court erred in applying the law to the facts found. As we recently stated in Guilbeau v. Liberty Mutual Insurance Company, 338 So.2d 600 (La.1976):
"Under Louisiana jurisprudence, an operator of a vehicle or heavy equipment who observes, or who should by the exercise of reasonable care have observed, a pedestrian in a position of peril of which the latter is apparently unaware, is responsible for injuries caused when his vehicle strikes the pedestrian in his path, despite any contributory negligence on the part of the latter; providing that, after the duty to make such observation *894 arose, the operator could reasonably have avoided the accident.
"See: Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 503 (La. 1973); Belshe v. Gant, 235 La. 17, 102 So.2d 477 (1958); Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Rottman v. Beverly, 183 La. 947, 165 So. 153 (1936); Comment, 27 La.L.Rev. 269 (1967). See also: Leake v. Prudhomme Truck Tank Service, 260 La. 1071, 258 So.2d 358 (1972); Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968)." 338 So.2d at 604.
Applying these principles to the instant case it is reasonable to conclude that the motorist, Ms. Landry, should have observed the pedestrian, Ms. Pierre, who was in a position of peril of which she was obviously unaware, at a time when the operator of the vehicle had a clear chance to avoid the accident. Instead, Ms. Landry failed to observe the pedestrian until she was forty feet from the hapless woman. Even so, the accident was almost averted, because Ms. Pierre was struck when she was only two feet from reaching the safety of the highway's shoulder. Also, the relatively minor injuries suffered and the fact that Ms. Landry's car travelled only ten feet after the impact further indicate that had the driver seen Ms. Pierre at the time her duty to make such observation arose, Ms. Landry could have avoided the accident.
The judgment of the court of appeal is reversed, and the judgment of the district court is reinstated.
DIXON, J., concurs, but does not agree with the interpretation of the duty of the court of appeal in the review of facts.