344 So.2d 1073 (1977)
Ottis BRANAM, etc., Plaintiff-Appellee,
v.
TRADERS AND GENERAL INSURANCE COMPANY, Defendant-Appellant.
No. 5837.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
*1074 Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Shreveport, for defendant-appellant.
Stafford, Randow, O'Neal & Smith by Hodge O'Neal, III, Alexandria, for plaintiff-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
WATSON, Judge.
Defendant, Traders and General Insurance Company, has appealed from a $10,000 trial court judgment in favor of plaintiff, Ottis Branam, individually, and on behalf of the minor, Dane Branam. Traders is the liability insurer of Levoie Branam's 1970 Ford half-ton pickup truck with $5,000 policy limits for each person. Traders also insured Kerry Branam, Levoie's major son, and his 1974 Opal automobile under another policy with the same limits. Dane Branam, grandson of Levoie, was injured in an accident, while riding in the pickup with his uncle Kerry driving. Traders paid $5,000 under Levoie's policy on the pickup but denied coverage for the accident under Kerry's policy. Thus, only $5,000 of the $10,000 judgment was litigated.
The minor guest passenger, Dane, age 11 at the time, was seriously injured and no *1075 contention is made that the quantum of damages is excessive, if there is coverage under Kerry's policy.
Traders contends on appeal that: (1) Kerry Branam was not negligent; and (2) coverage under the policy issued to Kerry Branam is excluded because Kerry was a relative residing in the same household as his father Levoie. Kerry's policy excludes coverage when the insured drives a "nonowned" automobile, here the pickup, which belongs to ". . . a relative of the named insured who is a resident of the same household." (TR. 14)
There is no genuine issue as to Kerry's negligence.
The accident occurred in Sabine Parish when the right front tire of the pickup blew out while Kerry was negotiating an uphill curve to the left on Louisiana Highway 476. The 19-year-old driver lost control of the car and it skidded sideways 72 paces across the right-hand ditch before hitting a pine tree. The right front tire was smooth; the tread worn away. The investigating officer estimated that the truck was going 60 miles an hour and exceeding the general speed limit of 55 m.p.h. while approaching the curve. Kerry admitted that his father had warned him to be careful driving the pickup because the front tires were not good. Kerry Branam was negligent in approaching a curve at an excessive rate of speed; driving the pickup with slick tires; and failing to avoid the tree. There is a clear, evidentiary basis for the trial court's conclusion that this negligence was a cause in fact of the accident.
The serious issue on appeal is whether Kerry and his father were residents of the same household, within the meaning of a standard exclusionary clause in Kerry's policy.
Both insurance policies give the residence of the named insured as Route 5, Box 66, Many, Sabine Parish, Louisiana, 71449. Kerry's policy was written on May 8, 1974, just prior to his high school graduation, and the accident occurred on March 22, 1975. The police report gives the address of Levoie, Kerry and Dane Branam, the owner, driver and occupant, respectively, as Route 5, Many, Louisiana. Plaintiff, Ottis Branam, the father of Dane and brother of Kerry, lives on the Negreet Road about 100 yards from the home of his mother and father.
Kerry graduated from high school May 10, 1974. He had enlisted in the National Guard before graduation and served on active duty at Fort Polk from June 19, 1974 until that October. In January of 1975, Kerry entered college at Northwestern State University in Natchitoches. A National Guard loan paid his tuition and he worked part-time in his father's construction business to pay other expenses. Kerry was self-supporting and maintained an apartment in Natchitoches with a friend. He had purchased furniture and dishes for the apartment and kept all his clothes there. Although the school used his parents' address in Many, Kerry testified this was because freshmen were not allowed to live off-campus at that time. Kerry drove back and forth to Many for his part-time work but did not spend the night there except on the weekends that he visited home. According to the witnesses, these weekend visits took place on an average of once a month. Kerry did most of his laundry at the Demon washateria near school but did take dirty clothes to his parents' home when he visited.
The question of Kerry's residence is factual and while the facts could be interpreted to establish either that Kerry's residence was in Natchitoches or that Kerry's residence was with his father near Many, the trier of fact concluded that it was in Natchitoches. This finding is entitled to great weight and the appellate court is not free to substitute its opinion when the trial court's judgment is based on a reasonable interpretation of the evidence. Reed v. Henry, 343 So.2d 457 (La.App. 3 Cir. 1977); Mulcahy v. State Department of Corrections, 344 So.2d 509 (La.App. 1 Cir. 1976); Pierre v. Landry, 341 So.2d 891 (La.,1977).
The evidence is sufficient to support a factual determination that Kerry's residence *1076 was in Natchitoches and his father's in Many.
Were Kerry a minor his domicile would be with his parents, LSA-C.C. art. 39,[1] although not necessarily his residence. Residence and domicile are not synonymous terms in Louisiana. Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965). Taylor is a case which concerns extent of coverage as distinguished from exclusion from coverage.[2]Taylor concluded that a minor child maintained a legal residence in his father's home in Arkansas while living and working in Louisiana and was covered by his father's insurance policy.
Much closer to the instant case, which concerns exclusion, is Ehrhard v. State Farm Mutual Automobile Ins. Co., 274 So.2d 911 (La.App. 1 Cir. 1973) writ denied 279 So.2d 202 (La.), where a minor child absent in the military on a temporary basis was not excluded from coverage as a resident of his father's household even though his legal domicile remained with his parents. The court in Ehrhard points out that the purpose of such an exclusion is to prevent an insured who pays a premium for one automobile to acquire coverage on other owned automobiles without additional cost, stating:
"Clearly we do not have such a situation now before the Court. In this instance we have two (2) policies issued by the same company. They collected two premiums and issued two policies. The testimony shows that the father's car was not furnished for the regular use of the son; that is geographically impossible." 274 So.2d 916.
This reasoning is precisely applicable to the instant case.
Taylor and Ehrhard may appear conflicting but, as pointed out at 26 L.L.R. 726:
"In dealing with policies extending coverage to members of the named insured's household, the courts have adopted an extremely broad interpretation of the clause; but when dealing with policies which exclude such persons, courts give the same terms a more restricted interpretation. The apparent inconsistency is in reality no inconsistency; it is merely the application of the settled principle that ambiguity in an instrument is resolved against the draftsman."
In the instant case, as distinguished from both Taylor and Ehrhard, we have a major instead of a minor child.[3] The trial court correctly found that the policy provision did not exclude Kerry from coverage since he was not in fact a resident of his father's household.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs are assessed against defendant-appellant, Traders and General Insurance Company.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 39:

"Art. 39. A married woman has no other domicile than that of her husband; the domicile of a minor not emancipated is that of his father, mother, or tutor; a person of full age, under interdiction, has his domicile with his curator."
[2] Manuel v. American Employers Insurance, 228 So.2d 321 (La.App. 3 Cir. 1969), relied on by appellant, also involves extent of coverage and not exclusion.
[3] Due to the amendment of LSA-C.C. art. 37 to make 18 the age of majority.