360 So.2d 909 (1978)
Jennings Jack DOFFLEMYER, Plaintiff-Appellee,
v.
Gary D. GILLEY et al., Defendants-Appellants.
No. 6524.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
*910 Smith & Wise, James A. Smith, Lake Charles, for defendant-appellant.
Raggio, Farrar, Cappel & Chozen, Frederick L. Cappel, Lake Charles, Brame, Bergstedt & Brame, David A. Fraser, Lake Charles, for defendant-appellee.
Scofield, Bergstedt & Gerard by Robert L. Hackett, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
This appeal involves the granting of summary judgment in favor of Government Employees Insurance Company, one of several named defendants, in this tort action.
In order to understand the posture of this case, a brief recitation of alleged facts is necessary. According to plaintiff's pleadings, on June 26, 1976, he was involved in an automobile accident allegedly caused by the negligence of Gary Gilley, a major, and Frederick Moore, Jr., a minor, on Bord-de-lac Drive in Lake Charles, Louisiana. Apparently, Gilley was driving the minor's 1973 Plymouth, and the minor was riding as a passenger.
Plaintiff's original petition named as defendants, the minor's father, Frederick Moore, Sr., as well as Gilley and Government Employees Insurance Company. A supplemental and amending petition was *911 filed adding American Indemnity Company as a defendant, based upon a liability policy insuring the minor's automobile. For some reason, which the record does not make clear, Government Employees was voluntarily dismissed from the suit on plaintiff's motion, and the prayer for relief was modified accordingly by a second supplemental and amending petition. However, a third supplemental and amending petition was later filed in which Government Employees was made a defendant once again on the basis of a homeowner's insurance policy issued in favor of Moore, Sr., and his wife, which appeared to provide indemnity for the father in the event that he was cast in judgment. Moore, Sr., in his answer, filed a third party demand against Government Employees on the basis of the same insurance policy.
Government Employees contended that there was no coverage for the accident under its policy and moved for a summary judgment. The trial court granted the summary judgment, dismissing Government Employees from the suit. Moore, Sr. appeals contending that the trial judge erroneously granted the summary judgment.
Under Article 966 of the Louisiana Code of Civil Procedure, summary judgment shall be granted if there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. We find that there is a genuine issue of material fact, and, therefore, we reverse.
The policy in question was a general homeowner's policy which, among other things, provided for personal liability coverage, as follows:
"COVERAGE EPERSONAL LIABILITY
This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this Company's liability has been exhausted by payment of judgments or settlements."
However, in the exclusions section of the policy, the following language is found:
"This policy does not apply:
1. Under Coverage EPersonal Liability and Coverage FMedical Payments to Others:
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
(1) . . .; or
(2) any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises;. . . ."
Finally, in the section on definitions, the definition of "insured" is found:
"8. DEFINITIONS: (Refer to Section 11 of the Form made a part of this policy for Additional Definitions).
When used in this policy the following definitions apply:
a. `Insured' means
(1) the Named Insured stated in the Declarations of this policy;
(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured; and
. . . ." *912 The question arises, therefore, of whether Moore, Jr. was a resident of Moore, Sr.'s, the named insured's, household at the time of the accident. If the son was a resident, then the exclusionary provision applies. However, if he was not a resident, the exclusionary provision would not apply, and it would seem that Government Employees could be liable to Moore, Sr., if the latter was cast in judgment.
The trial judge, in his written reasons, found that a minor's "legal residence" was always that of his father. Apparently equating the term "legal residence" and "residence," the trial judge granted summary judgment as a matter of law.
We do not feel that the issue can be disposed of that simply. At the outset, we make a few observations of the distinctions between "domicile," "residence," and "legal residence."
"Domicile" is a specific legal term, which has a specific definition in the law, and from which specific legal consequences flow. In Louisiana, domicile is treated in Book I, Title II of the Civil Code. Article 38 states that "domicile" is the parish where each citizen has his principal establishment. Article 39 establishes that the domicile of an unemancipated minor, which is the situation involved in the present controversy, is that of his father, mother, or tutor. Of course, in the average familial setting, where both parents are still married to each other, the domicile of the minor would be with his father. Tutorship will not be applicable, hence there is no tutor; and, under Article 39, the domicile of the mother will be the same as that of the father.
"Residence," on the other hand, is not a specific legal term. It is a term in common usage and has a variety of meanings. One may have residence in a home, institution, town, city, parish, state, country, continent, etc. As has been noted in several cases, the term is nebulous and really has no precise meaning. E. g., Vinet v. Hano, 281 So.2d 183 (La.App. 4th Cir. 1973), writ denied 283 So.2d 501 (La.1973); Harrison v. Commission Council of Bogalusa, 169 So.2d 159 (La.App. 1st Cir. 1964). The major distinction between domicile and residence lies in the fact that although a person may have only one domicile, he may have several residences. Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (1965); Branam v. Traders and General Insurance Company, 344 So.2d 1073 (La.App. 3rd Cir. 1977); Ehrhard v. State Farm Mutual Automobile Insurance Company, 274 So.2d 911 (La.App. 1st Cir. 1973), application denied 279 So.2d 202 (La.1973). In addition, simply because one's domicile is in a particular place, it does not necessarily follow that one must also have a residence at that place. See Ehrhard v. State Farm Mutual Automobile Insurance Company, supra; Harrison v. Commission Council of Bogalusa, supra, and Dunn v. Government Employees Insurance Company, 229 So.2d 465 (La.App. 3rd Cir. 1969). For example, one who joins the Armed Forces will normally retain his parish of domicile prior to enlistment, even though he may no longer have a residence in that parish.
Finally, "legal residence," the term causing confusion in this case, seems to be a hybrid akin to "domicile." This unique term was discussed in the Supreme Court's opinion in Taylor v. State Farm Automobile Insurance Company, supra.
In Taylor, an unemancipated minor, who had been domiciled with his parents in Arkansas all of his life, moved to Louisiana in order to live and work with his uncle. One morning, while the minor was driving the uncle's pickup truck in which the uncle was riding, an accident occurred. The uncle sued both his own liability insurer and that of the minor's father for damages sustained in the accident. The policy issued to the minor's father covered residents of the insured's household. The question presented to the Court was whether the son could be considered such a resident. The Court answered affirmatively and found in favor of coverage. In making this determination, the Court stated the following:

*913 "Residence and domicile are not synonymous terms. LSA-C.C. Art. 38; Oglesby v. Turner, 127 La. 1093, 54 So. 400; Foreman v. Jordan, La.App., 131 So.2d 796; Harrison v. Commission Council of Bogalusa, La.App., 169 So.2d 159; Stephens v. AAA Lumber Company, 238 Ark. 842, 384 S.W.2d 943; Vehrs v. Jefferson Insurance Company, La.App., 168 So.2d 873, 877; In Re Watson, D.C., 99 F.Supp. 49. Even though a person, which could include a child, might have several residences, despite the fact that he has one domicile, the legal residence of an unemancipated minor (with which we are herein concerned) is that of his father unless changed by law. McInnis v. Terry,La.App., 121 So.2d 329; Watkins v. Cupit,La.App., 130 So.2d 720. This is reasonable and understandable because, as stated supra, the father has numerous obligations to his child (including his support and maintenance), is invested with parental authority, LSA-C.C. Art. 216, and is responsible in great measure for his actions." [Footnote omitted]
After making the determination that the minor was a legal resident of the father's home, the Court observed that the policy provision used the term "resident" and not "legal resident." Obviously finding the distinction significant, it then stated that "residence" is a question of law and fact to be determined from all the facts and circumstances of each particular case. After a discussion of the words "resident" and "of the same household," the Court finally concluded that under the facts presented, the minor was a resident of the father's household, stating the following:
"We conclude that under the facts of the instant case, Daniel Taylor's legal residence was that of his father, Garnie William Taylor, Camden, Arkansas. Daniel was a member of his father's family; there had been no divestiture of relationship; and, he visited his parents. Although he did want to work with his uncle, there is no showing that Daniel was not free to go home at any time he pleased, and there is also no showing that his parents were unwilling or were not obligated to support him. There is no conclusive evidence of record that Daniel had made a permanent residence in Louisiana at the time of the accident.
We conclude that while he was an unemancipated minor Daniel had to be considered as temporarily absent from his parent's home. We find that it was not necessary that he be under his parents' roof at all times in order to be a `resident of the same household.' We further find that under the facts as presented, Daniel Taylor was a `resident of the same household' as the insured, Garnie W. Taylor."
As we interpret the Taylor opinion, there is a distinction between "residence" and "legal residence." [1] Although, under Taylor, a minor's "legal residence" is with his father as a matter of law, the minor's actual "residence" is a question of both law and fact. In the instant case, as in Taylor, the insurance policy uses the term "resident" and not the term "legal residence" or "domicile." If the insurer wanted to avail itself of the concept of "domicile" or "legal residence," it could have used these terms in its policy. It chose not to do so.[2] Therefore, although a minor's domicile or legal residence may be persuasive to a determination of his actual residence, these concepts will not necessarily be controlling.
We reiterate that the question involved in this appeal is only whether summary judgment was proper. We intend to express no opinion on the question of the minor's actual residence. With this in mind, we look to the motion and accompanying data.
It appears that the minor may have moved from the family residence at 1140 West McNeese Street in Lake Charles at some time prior to the accident. The father's *914 deposition states that on or about April 29, 1976, the son moved from the father's home, returning only occasionally for meals or to launder his clothes. On the date of the accident, June 26, 1976, all of the son's clothes, except two dress suits, which he never wore, were gone from the premises. The father also stated that after the son left in April, neither he nor his wife were certain of where the son resided. In fact, if they wanted to contact their son, they had to reach him at work. In addition to the father's deposition, certain attached documents show that the son was using an address at 613 West Claude Street in Lake Charles. These documents included a 1975 traffic ticket, a 1975 accident report, a 1975 W-4 form (Employee's Withholding Allowance Certificate), a 1976 W-2 form (Wages and Tax Statement), a 1976 motel receipt, and an envelope addressed to the minor with a 1976 postmark. We think that this clearly indicates that the residence of the son is a fact which is in dispute and which must be resolved upon a full and complete adjudication. Accordingly, we hold that summary judgment was improper.
For the above reasons the judgment of the district court dismissing Government Employees Insurance Company from the suit is reversed, and the case is hereby remanded to the district court for full proceedings not inconsistent with the views expressed herein. Costs of this appeal are assessed against the defendant, Government Employees Insurance Company. Final costs are to await the outcome of the litigation.
REVERSED AND REMANDED.
NOTES
[1] But see Box v. Doe, 221 So.2d 666 (La.App. 4th Cir. 1969), writ refused 254 La. 457, 223 So.2d 868 (1969).
[2] For a similar case concerning the use of the term "resident" rather than "domicile" see Ehrhard v. State Farm Mutual Automobile Insurance Company, supra.