PONDER, Judge.
Defendant appealed from the judgment awarding damages to Mrs. Melancon resulting from the fall of a porch swing.
The issues are the liability of the defendant, failure to require contribution from Mr. Melancon and the awarding of medical expenses to Mrs. Melancon.
We amend and affirm.
Mr. Melancon purchased from defendant’s insured, Drusilla Hardware, a chain, eye hooks and some S-shaped hooks to install a porch swing. Shortly after installation, when Mrs. Melancon sat in the swing, one of the S-shaped hooks gave way; the swing fell and injured her leg.
Defendant argues plaintiff failed to prove its insured recommended the purchase of the S-shaped hooks. In the alternative, defendant contends Mr. Melancon is liable as a joint tort-feasor since he was a civil engineer and should have observed the inadequacy of the S-shaped hooks.
There is conflicting testimony about the circumstances of the purchase of S-shaped hooks. The trial court chose to believe that an employee of defendant’s insured advised plaintiff to purchase the S-shaped hooks. This is within his discretion; we cannot say he erred.
We also believe there is no manifest error in the decision that Mr. Melancon’s reliance on the expert knowledge of the employee was justified. Pierre v. Landry, 341 So.2d 891 (La.1977).
Defendant contends-that the trial court erred in awarding the medical expenses to Mrs. Melancon.
Prior to the last amendment of LSA-C.C.P. Art. 686, effective January 1, 1980, the husband was the proper plaintiff to enforce an obligation to a community. This accident occurred and the suit was filed, tried and processed to judgment before the effective date of the amendment. We therefore believe that the trial court erred in giving judgment to Mrs. Melancon for the medical expenses. We amend the judgment to decrease the award to $3,000.00.
For the above reasons, the judgment of the trial court is amended and affirmed as amended at appellant’s costs.
AMENDED AND AFFIRMED.