392 So.2d 762 (1980)
EWING AND SALTER, INC. et al., Plaintiffs-Appellees,
v.
GAFNER AUTOMOTIVE & MACHINE INC. et al., Defendants-Appellants.
No. 7958.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Writ Refused February 13, 1981.
*763 Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendants-appellants.
Gold, Little, Simon, Weems & Bruser, Henry B. Bruser, III, Alexandria, for plaintiffs-appellees.
Charles B. Bice, Winnfield, for defendant-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
GUIDRY, Judge.
This is a suit in redhibition. Plaintiffs, Ewing and Salter, Inc. (hereafter Ewing) and Home Insurance Company, Ewing's insurer, filed suit against the defendants, Gafner Automotive and Machine, Inc. (hereafter Gafner) and Sanders Tractor Company, Inc., demanding the recission of the sale of one pulpwood "pre-hauler" known as an "Iron Mule" as well as the return of the original purchase price, and attorney's fees. Sanders Tractor Company, Inc. filed a peremptory exception of prescription which was sustained by the trial court resulting in their dismissal from the suit. No appeal has been taken from this judgment and it is now final. The trial court rendered judgment in favor of the plaintiffs and against Gafner. Gafner appeals the judgment of the lower court. Plaintiffs answer defendant's appeal requesting an increase in the trial court's award of attorney's fees.
Written reasons for judgment were not provided by the trial court, however, the lower court obviously concluded that the "Iron Mule" was defective either in design or construction at the time it was delivered to the purchaser, Commercial Credit Equipment Company (hereafter CCEC), and further, that the defect caused the plaintiff's loss. The sole issue on appeal is whether or not the trial court was "manifestly erroneous" in its factual determination that the machine manufactured by Gafner was defective in design or construction and that the defect existed prior to the sale of the "Iron Mule". We conclude that the trial court was not clearly wrong in its factual findings, and therefore, affirm the decision of the lower court.
A review of the trial record reveals that on or about September 25, 1973, Sanders Tractor Company, Inc. sold to CCEC a new 4000F Iron Mule manufactured by Gafner for a purchase price of $19,570.00. Plaintiff Ewing entered into a lease agreement with CCEC wherein Ewing assumed all responsibility for the maintenance and repair of the Iron Mule. The lease agreement provided for the assignment of all of CCEC's rights of warranty relative to the sale of the Iron Mule to Ewing. Thus, Ewing as lessee/assignee of the warranty rights prosecutes this action in redhibition.
Following the sale of the Iron Mule to CCEC and the confection of the lease agreement between CCEC and Ewing, the Iron Mule was delivered to Mr. Aubrey Brown, a timber subcontractor, employed by Ewing. On November 22, 1973, some two months following the sale, the Iron Mule caught fire while being operated by Mr. Brown. The fire resulted in the total destruction of the machine.
Voluminous testimony in regard to the issue of redhibitory defects in the Iron Mule was received during trial. Plaintiffs offered the testimony of an expert who stated that the fire resulted from an arcing of the battery cable in the area of the motor mount and that this ignited the residue of diesel fuel, leaves, branches, etc. trapped in the "belly-pan" of the machine. Mr. Thomas *764 Gafner, President of the defendant corporation, stated that he agreed with the plaintiff's expert as to the area of origin of the fire. Expert testimony established that the most probable reason for the arcing was the manner in which the Iron Mule was constructed whereby the battery cable was allowed to rub against metal parts of the machine in places of close tolerance. This rubbing, which was intensified by the vibration of the machine when in operation, caused the cable's insulation to be worn off resulting ultimately in an electrical short which ignited the fire. Defendant sought to establish that the reduced tolerance of the cable was caused by plaintiff Ewing's abuse of the machine, however, it failed to introduce convincing evidence to substantiate its allegations.
As previously stated herein, the determinative issue on appeal concerns the factual findings of the trial court. The jurisprudence in this area is well-settled. The appellate courts of Louisiana have full and complete jurisdiction to review facts. Arceneaux v. Domingue, writ granted 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La. 1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979). The standard of appellate review of facts was enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973) wherein the Louisiana Supreme Court stated:
"... the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record) but also upon the proper allocation of trial and appellate functions between the respective courts."

The testimony of the witnesses, as well as the numerous exhibits and photographs introduced at trial, provided the trial judge with a sufficient factual basis for his decision. As the Canter court, supra, recognized, the trial judge is in the best position to evaluate the credibility and demeanor of the witnesses as well as draw from the testimony those inferences which are most reasonable in light of the circumstances. Pierre v. Landry, 341 So.2d 891 (La.1977). It has been previously determined that the trial court need not accept all of the testimony of any witness as being true or false but, rather, can and, in many instances must, believe and accept part or parts of a witness' testimony and disbelieve and refuse to accept any part or parts thereof. Credibility determinations are particularly within the discretion of the trial court or jury. Payne v. New Orleans Public Service, 374 So.2d 189 (La.App. 4th Cir. 1979).
After a complete review of the trial record and considering the evidence as a whole, we find that the trial court was not manifestly erroneous in its factual findings.
Defendant argues that the plaintiffs failed to meet their burden of proof regarding the existence of a redhibitory defect in the Iron Mule prior to the sale. The jurisprudence concerning actions in redhibition is both well-developed and clear in regard to the plaintiff's burden of proof in such suits. In Moreno's Inc. v. Lake Charles Catholic High Schools, 315 So.2d 660 (La. 1975), the Louisiana Supreme Court addressed this issue stating:
"The burden of proof may, as in cases generally, be discharged by proving the existence of defects at the time of the sale by direct or circumstantial evidence. Rey v. Cuccia, 298 So2d 840 (La.1974). It is not required that plaintiff negate all other possible causes in order to support his claim. If the proof be by circumstantial evidence it need only exclude other reasonable hypotheses with a fair amount of certainty. Taken as a whole the proof of the fact should be more probable than not. See Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971) and cases cited there."
*765 In the instant case, evidence was introduced at trial which led the trial judge to reasonably conclude that the location of the battery cable as well as the manner in which it was placed within the machine during manufacture caused the fire. The court reasonably determined that this constituted a defect in the Iron Mule which existed prior to the sale of the machine. We find no error in the conclusion that the plaintiffs did meet their required burden of proof.
The trial court awarded plaintiffs $3,824.59 in attorney's fees. Plaintiffs-appellees have answered the defendant's appeal requesting an increase in the trial court's award of attorney's fees from the above-stated amount to $7000.00. We find the award of the trial court to be reasonable. However, we will order an increase of $500.00 in such fees to cover services rendered by appellees' attorneys on appeal.
For the above and foregoing reasons, we amend the judgment of the trial court to increase the award of attorney's fees from $3,824.59 to $4,324.59. In all other respects the judgment appealed from is affirmed at appellant's cost.
AMENDED AND AFFIRMED.