CURRAULT, Judge.
This appeal originates in the Twenty-Ninth Judicial District Court, Parish of St. Charles, wherein the trial judge rendered judgment in favor of Marilyn Lee Barker ordering James Alfred Barker to pay child support payments of Six Hundred Dollars ($600) per month. James Alfred Barker has appealed.
Marilyn Barker and the appellant, James Alfred Barker, were married in Georgia in January of 1969. This union resulted in the birth of one child, Hope Renee Barker. Appellant obtained a divorce by publication on June 14, 1978, while he was located in the State of Indiana. This divorce, however, made no mention of support for Hope.
In August, 1980, Mrs. Barker filed a Uniform Reciprocal Enforcement of Support Act (URESA) action for the support of Hope. As appellant worked and lived in Reading, Pennsylvania, the court in that state awarded Mrs. Barker support in the amount of Fifty Dollars ($50) per week (Two Hundred Sixteen Dollars [$216] per month), plus medical insurance coverage for Hope which runs at Fifty-Eight Dollars ($58) per month. Appellant pays total support of Two Hundred Seventy-Four ($274) per month.
In February, 1982, Mrs. Barker, still living in Georgia, filed a URESA petition for an increase in child support. As appellant is presently residing in Taft, Louisiana, a hearing on the URESA petition was held in the Twenty-Ninth Judicial District Court wherein the trial judge rendered judgment in favor of Mrs. Barker, ordering appellant to pay Six Hundred Dollars ($600) per tfionth child support.
On appeal, Mr. Barker argued the following error [1]:
Error was committed in increasing child support absent a showing of change of circumstances.
The record disclosed that appellant, Mr. Barker, is employed by Volt Technical Services as an instrumental engineer. As a contract employee, Mr. Barker has occasion to travel and is presently engaged in work at the Waterford III Plant in Taft, Louisiana. Mr. Barker testified that his present salary on a forty-hour week is One Thousand Dollars ($1,000) per week. The trial judge found that an additional Two Hundred Sixty-One Dollars and Twenty-Five Cents ($261.25) should be added to his weekly gross for overtime worked. Appellant further testified that his average take-home pay was approximately Nine Hundred Dollars ($900) per week. As no testimony or evidence was introduced regarding appellant’s past earnings, we have no idea what his salary was in November, 1980, when the original child support order was rendered. Likewise, we are in the dark as to whether appellant’s present salary represents an increase or decrease in his earnings and, accordingly, do not know if there has been a change in circumstances in this regard.
Mrs. Barker, appellee, is employed by Volt Technical Services as a recruiter. She is presently still residing in Georgia with Hope, her daughter by the appellant, and two other daughters; one who works full time and is a boarder and one who is away at college and only returns home for the summer.
Mrs. Barker testified she earns Two Hundred Sixty Dollars ($260) a week (One Thousand Forty Dollars [$1,040] per month), not considering her overtime. She stated that in 1981 her combined salaries grossed a little more than Twelve Thousand Dollars ($12,000). She further stated that her gross income in 1982 from her job with Volt Technical Services alone would be approximately Thirteen Thousand Six Hundred Dollars ($13,600).
Mrs. Barker listed her monthly expenses for Hope as follows: $25/Babysitter; *829 $15/School lunches; $75/Clothing; $310/Rent ($360 with utilities); $250/food for both her and Hope; and averaging $40 medical and dental expenses. Beyond that, Mrs. Barker stated she could not think of anything else. It also appears from the record that Mrs. Barker was refreshing her memory from a list of expenses prepared a year earlier. Even taking into account that the trial judge allocated Mrs. Barker Eighty-Five Dollars ($85) for Hope’s medical and dental expenses; and dividing the rent (Four. Hundred Dollars [$400] per trial judge) by four and adding the other figures testified to by Mrs. Barker, we arrive at a figure of Four Hundred Twenty-Five Dollars ($425) per month.
The objective of the hearing on this URESA petition was to ascertain whether or not there has been a change of circumstances since the original child support order became final in November, 1980. Secondly, if a change of circumstances was found, it would be incumbent upon the trial court to determine whether those changes were sufficient to justify a modification of a prior support order.
Absent a showing of change of circumstances, an initial award of child support should not be altered. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3d Cir. 1980). This record, the transcript in particular, is void of any useful evidence establishing a change in circumstances. This court is left blind as to what situation existed in November, 1980, when the original child support order was decreed and how that situation has changed so as to warrant the filing of a petition seeking an increase.
Therefore, as appellee has failed to demonstrate a change of circumstances sufficient to justify a modification of a prior child support award, we reverse. Appellee is to pay all costs of this appeal.
REVERSED.

. Appellant has raised additional errors. However, under Court Rules, 2-12.4, we decline to address these errors as neither were briefed. Further, appellant’s attempt to raise the peremptory exception of no cause of action fails to comply with Court Rule 2-7 and we, therefore, find additional basis upon which to summarily dismiss that assignment of error.