CUTRER, Judge.
This is an appeal from a trial court judgment which awarded Doris Dortlon the sum of $17,439.23 for damages she sustained when her vehicle struck some potholes in the highway. The trial court rendered judgment, in solido, against Missouri Pacific Railroad Company (MoPac) and the Louisiana Department of Transportation and Development (DOTD). DOTD appeals that judgment.[1] We affirm.
On June 6, 1981, the plaintiff was driving her car along a street in Natchitoches, Louisiana. The street, a part of the highway system, was traversed at several points by railroad tracks/spurs. Plaintiff was crossing one of those spurs traveling south when her right front tire struck some large potholes. The resulting impact bent both the right front wheel and the car’s frame. The plaintiff also suffered physical injuries.
DOTD does not contest the plaintiffs right of recovery nor the amount of that recovery; rather, the argument is posited that MoPac should be solely liable for the plaintiff's injuries, as the damage was caused by a pothole between the rails of the track for which MoPac alone was responsible.
The only issue before us is whether the trial judge was clearly wrong in his finding that the plaintiffs injuries resulted from her car striking potholes, both between the rails and outside the rails.
At trial two employees of DOTD testified that DOTD was responsible for maintaining the road surface of the street in question up to the rails, but not including the area between the rails. Therefore, under the “strict liability” theory of LSA-C.C. art. 2317 as interpreted by our courts, DOTD woüld be liable for the damage caused by a pothole in the care or custody of DOTD. Alleman v. State, Dept. of Highways, 416 So.2d 272 (La.App. 3rd Cir.1982), writ den., 421 So.2d 907 (La.1982). Likewise, MoPac is strictly liable for those potholes within its care or custody — i.e., those located between the rails.
The testimony at trial was somewhat conflicting regarding the number of potholes and their location. However, after hearing all of the testimony, the trial judge chose to accept the testimony of the witnesses who testified that there were two holes involved in the accident — one between the tracks and one outside. In our function as a reviewing court, we are ever mindful of the great discretion afforded the trier of fact regarding questions of witness credibility. Ewing & Salter, Inc. v. Gafner Automotive, 392 So.2d 762 (La.App. 3rd Cir.1980), writ den., 396 So.2d 933 (La.1981); Dupre v. South Central Bell Telephone Company, 318 So.2d 145 (La.App. 3rd Cir.1975).
The plaintiff testified that she was unsure where the pothole was in relation to the tracks. However, Officer Larry Vaughn of the Natchitoches City Police, who investigated the accident, testified unequivocally that there were two holes — one outside the tracks and one inside. He stated that the holes were approximately the same size, being ten to twelve inches deep and twelve by eighteen inches in area. Officer Vaughn was of the opinion that the recent rain water flowing down the rails had washed the soil from beneath the blacktop causing the cave-in, which resulted in the two holes. Officer Vaughn also said that the holes were in the rut of the *964 road “where cars mainly travel.” The parties also stipulated that Officer Vic Jones, another investigating officer, would testify to the same facts as those testified to by Officer Vaughn.
The city worker, Clifford Walker, Jr., called initially to repair the pothole on the same day of the accident, testified that there was only one large pothole (one to two feet long and six to eight inches deep) and that it was “between the two tracks” and where the right tire of a southbound vehicle would travel. Walker stated that there were several smaller potholes nearby but that the one he repaired was the only one of significant size.
The plaintiff’s stepfather, Allen Boudoin, who removed the plaintiffs car with a tow truck, testified that he saw only one pothole and it was between the rails. According to him, the hole was eight to ten inches deep and two feet wide.
The last witness to testify regarding the potholes was Filmore Evans, a laborer for MoPac, who had also been summoned to repair the hole. When he arrived at the scene, Walker had nearly completed filling one pothole. Evans testified that he patched another pothole which he was told had caused the damage. According to him, the hole was six to eight inches deep and went under the track extending approximately eighteen inches both outside and inside the tracks.
Considering the testimony of the two officers and Evans that there were two potholes involved in the accident — one outside the tracks and one inside — we find that the trial judge was not clearly wrong in finding DOTD and MoPac liable in solido.
For these reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Louisiana Department of Transportation and Development.
AFFIRMED.

. MoPac answered the appeal, raising several assignments of error; however, these assignments were not briefed, and we consider them abandoned. Uniform Rules-Courts of Appeal, Rule 2-12:4; Barker v. Barker, 430 So.2d 827 (La.App. 5th Cir.1983).