GARRISON, Judge.
This is an appeal from a judgment of the district court dated August 22, 1983, granting a summary judgment in favor of defendant State Farm on the issue of potential coverage under the Gremillion’s homeowner’s policy. From that judgment which we reverse and remand, plaintiff appeals.
The standard for granting a motion for summary judgment is two-fold:
(1) whether there exists any genuine issues of material fact; and
(2) whether the mover is entitled to judgment as a matter of law.
Additionally, all reasonable doubts are resolved against the granting of the motion.
In the instant case, Troy M. Hartdegen, a minor guest passenger in the Gremillion vehicle, was injured in an automobile accident which occurred on August 13, 1982, while Keith Gremillion, a minor, was operating his parent’s car. The Hartdegens sued the Gremillions and their insurer, State Farm. The actions against State Farm are three-fold:
1. State Farm as auto insurer and under the auto policy (not on appeal).
2. State Farm as homeowner insurer and under the homeowner’s policy:
a) covering the actions of Keith Gremil-lion via the concept of the vicarious liability and strict liability attributable to his parents; and
b) covering the separate and independent acts of negligence committed by Octave and Marie Gremillion in the home premises.
The State Farm homeowners policy provides for the following exclusion:
“e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
(1) an aircraft;
(2) a motor vehicle owned or operated by, or rented or loaned to any insured; or
(3) a watercraft ...” (underline added).
Additionally, the policy provides the following definition of “insured”:
“3. ‘insured’ means you and the following residents of your household:
a. your relatives;
b. any other person under the age of 21 who is in the care of any person named above.” ■ (underline added).
*1250 State Farm moved for summary judgment, on the homeowner’s policy, arguing that the motor vehicle exclusion cited above applies. Plaintiff argued that the exclusion does not apply because the minor was not an “insured” as cited in the exclusion and was not an “insured” under the policy definition because he was not a resident at the time of the accident. There is no evidence in the record indicating Keith Gremillion’s residence at the time of the accident, but it is clear to this court that if Keith Gremillion.was not a resident at the time of the accident, then he is not an insured under the exclusion, hence the exclusion does not apply and the homeowner’s policy is available for potential recovery. Accordingly there exists a genuine issue of material fact such that summary judgment was improperly granted.
In Dofflemyer v. Gilley, 395 So.2d 403 (App. 3rd, 1981) our brethern on the Third Circuit confronted the same situation:
“... the issue is whether Fred was a resident of his father’s household at the time of the accident.1 The exclusion applies if Fred was a resident of his father’s household. Thus, GEICO is liable if Fred was not a resident of his father’s household at the time of the accident. The evidence shows that Fred had lived with his parents until April 29, 1976, at which time he moved from his parents’ home to another address in Lake Charles. Neither Mr. Moore nor his wife knew exactly where their son was living after this time. The accident occurred on June 26, 1976.
According to their testimony, the only way his parents could communicate with Fred after he moved was at his place of employment. Fred did return home from time to time for a meal or to wash his clothes. But, Mr. Moore testified that his son removed all of his belongings with the exception of two dress suits, which he never wore. Moreover, certain documents introduced at trial, namely a 1975 traffic ticket, a 1975 accident report, a 1975 W-4 Form (Employee’s Withholdings Allowance Certificate), a 1976 W-2 Form (Wages and Tax Statement), a 1976 motel receipt, and an envelope with a 1976 postmark showed that Fred was using an address at 613 West Claude Street in Lake Charles, which was not his father’s address.
(3) A person’s residence is determined from the particular facts of each case. Ladner v. Andrews, 216 So.2d 365 (La. App. 3rd Cir.1968). Our Supreme Court in Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (La.1965) was confronted with a similar problem. There, an unemancipated minor left his home in Arkansas to reside with his uncle in Louisiana, where he worked. He moved those clothes necessary for his work and visited his parents when he had time off. The court concluded that the minor had only temporarily left his parents’ home, and that he had not established a separate residence in Louisiana. More recently in Branam v. Traders & General Ins. Co., 344 So.2d 1073 (La. App. 3rd Cir.1977), a minor whose parents resided in Many, Louisiana,.entered college at Northwestern University in Natchitoches. The minor shared an apartment with a friend, where he kept all of his clothes and was self-supporting. He would visit his parents about once a month for the week end and would sometimes wash his clothes there. The court affirmed the trial court’s finding that the minor’s residence was in Natchitoches and not with his parents. See also Flannigan v. Valliant, 371 So.2d 349 (La. App. 4th Cir.1979), where a minor who had removed all his personal belongings from his father’s apartment, was self-supporting and chose voluntarily to leave home, was held not to be residing with his father. '-!
In this case, we conclude the jury was clearly wrong in finding that Fred’s residence was with his parents at the time of the accident. Unlike Taylor, Fred’s voluntary decision to leave his parents’ house was permanent, and he showed no intention of returning to or being dependent on his parents. Fred clearly was no longer a member of his father’s house *1251 hold., Thus, the exclusionary provision in the GEICO policy is inapplicable.”
"1. GEICO had previously moved for a summary judgment based on this issue. The trial court granted summary judgment in favor of GEICO, and defendant’s father, Frederick Moore, Sr., appealed. This court, without ruling on Fred’s actual residence, held summary judgment was improper and reversed. Dofflemyer v. Gilley, 360 So.2d 909 (La.App. 3rd Cir. 1978).’’ (At 405-406) (emphasis added).
Because we are reversing on the basis discussed above, this court’s discussion of plaintiff’s second theory of error is preter-mitted.
For the reasons discussed, the judgment of the district court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.