REGAN, Judge.
Plaintiff, Maxie J. Primeaux, instituted this suit in the Civil District Court for the Parish of Orleans endeavoring to have the last will and testament of his father, Cleo-bule Primeaux admitted to probate, and to be confirmed as testamentary executor of the succession.
An opposition thereto was filed by plaintiff’s brothers, Nelson J. and Percy Prim-eaux, who explained therein that the decedent was domiciled in Lafayette Parish when he died; therefore, his succession could not legally be opened in Orleans Parish.
From a judgment maintaining the exception to the jurisdiction of the court, the plaintiff has prosecuted this appeal.
The record reveals that Cleobule Prim-eaux died in Orleans Parish on December 25,1962, having attained the age of 84. Until December of 1960, he had been a lifelong citizen of Lafayette Parish, where he had lived in his own home for approximately 50 years. In 1957 the decedent’s wife died, and although he resided for several months in the homes of two of his sons, he eventually returned to his own dwelling in Lafayette.
In the month of December 1960, the elder Primeaux obviously became too ill to live alone, so he moved into the home of the plaintiff in Orleans Parish, where he ultimately died. Primeaux never returned to his home in Lafayette; however, some of his personal effects and all of his furniture were found in his home after his death. In addition thereto, the utilities were never disconnected despite the fact that his home remained vacant from the time he departed therefrom until he died.
The record also reveals that at the time-of his death the decedent was a registered, voter of Lafayette Parish, and he persistently asserted his right to receive a homestead, tax exemption on his property. The record likewise reflects that the decedent had made-arrangements for his burial in Lafayette-before he departed, and he never executed a. formal declaration of an intention to change his domicile from Lafayette to Orleans. Parish.
After moving to New Orleans, Primeaux notified the Social Security Administration-of his change of address so that he would receive his monthly checks without interruption.
In November 1962, Primeaux executed a. power of attorney in favor of his son,. Maxie, authorizing him to sell the house in Lafayette. The notarial act recited that he was a resident of and domiciled in the-Parish of Orleans.
In endeavoring to establish that the decedent intended to change his domicile, the plaintiff called two of his neighbors as-witnesses who related that the “old man” had mentioned on several occasions that he-intended to remain in New Orleans until his death.
Opponents conversely testified that the decedent always expressed the desire to re— *727 turn to his home in Lafayette after moving into plaintiff’s home in New Orleans.
In dismissing plaintiff’s petition for want of jurisdiction, the trial court reasoned that the evidence was conflicting relative to the decedent’s alleged intention to change his domicile; therefore, the presumption that he intended to maintain his domicile of origin in Lafayette Parish was not rebutted by any significant evidence adduced on the trial hereof.
The litigants herein are fully in accord with the law applicable to their respective versions of the facts hereof as set forth in LSA-C.C. Art. 41 et seq. and the jurisprudence interpretative thereof. This article reads:
“A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principle establishment there.”
Article 42 of the LSA-Civil Code points out that an intention to change one’s domicile is proved by an “express” written declaration thereof, recorded in the Parish of his former domicile and the one in which he intends to establish his new domicile. In the absence of such a declaration, Article 43 emphasizes that the intention of the party shall “depend upon the circumstances”.
The decedent, whose domicile forms the subject of this dispute, made no formal declaration of intent; therefore, this state of his mind must be determined from all of the significant facts developed herein.
The plaintiff is endeavoring to avail himself of a change in his father’s domicile; therefore, the burden of proof is upon him to produce satisfactory evidence that Cleo-bule Primeaux intended to abandon his domicile of origin when he decided to reside in the plaintiff’s home. The degree of proof necessary to successfully effect a change of one’s domicile has been rather well settled by the rationale of our jurisprudence. It has been succinctly written therein that no reasonable doubt must exist relative to the party’s intention to abandon the old and create a new domicile.[1]
A careful review of the record convinces us that the trial court’s conclusion is correct in that the plaintiff has failed to offer sufficient evidence to establish the intent requisite for a change of domicile. This is so because the testimony of decedent’s relatives and the circumstantial evidence are conflicting; therefore, a “reasonable doubt” of decedent’s intention exists. While it is true that the elder Primeaux executed a notarial act in 1962, reciting that he was domiciled in Orleans Parish, it might reasonably be inferred from his conduct in 1960 that he hoped to return to Lafayette Parish. When he departed from his home to reside with his son, he did not manage his personal affairs as a person who had decided never to return. To reiterate, it will be recalled that he not only left his furniture and several articles of clothing in his own home, but he significantly omitted to disconnect the utilities, even though the house was unoccupied from the moment he vacated the premises until he died. He also preserved his right to vote in Lafayette rather than Orleans Parish, and he likewise continued to reap the benefits of Lafayette Parish’s homestead tax exemption after he had moved to New Orleans.
In view of what we have said here-inabove, we are compelled to conclude that the presumption that Cleobule Primeaux intended to retain his domicile of origin in Lafayette Parish has not been abrogated, because plaintiff has failed to offer sufficient proof to establish the decedent’s intent to change his domicile to Orleans Parish.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Foreman v. Jordan, La.App., 131 So.2d 796: Succession of Simmons, 109 La. 1095, 34 So. 101; In re Rials, 220 La. 484, 56 So.2d 844.