169 So.2d 159 (1964)
J. B. HARRISON
v.
COMMISSION COUNCIL OF BOGALUSA, Louisiana, et al.
No. 6293.
Court of Appeal of Louisiana, First Circuit.
November 16, 1964.
*160 Henry N. Richardson, Bogalusa, for appellant.
Robert T. Rester, Bogalusa, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
Plaintiff, J. B. Harrison, has taken this appeal from the judgment of the lower court affirming the denial of his applications to the Commission Council of the City of Bogalusa, The Collector of Revenue, State of Louisiana, and the Louisiana Board of Alcoholic Beverage Control for permits to sell beer and alcoholic beverages in the City of Bogalusa for the calendar year 1964.
The sole question presented by the instant appeal is whether legal grounds existed for the denial and refusal of appellant's said applications considering rejection thereof may be predicated solely on those reasons expressly provided by law and denial thereof for any unauthorized reason is a flagrant violation of the applicant's constitutional rights and therefore null and void. Vice v. Assumption Parish Police Jury, La.App., 135 So.2d 108.
It is conceded appellant's applications properly and timely comply with all procedural requirements, the precise issue presented being an interpretation of those provisions of the applicable statutes governing qualifications of applicants, namely. LSA-R.S. 26:79(A) (2) with respect to the Louisiana Board of Alcoholic Control, (sometimes hereinafter referred to as "the Board" or "ABC"), and LSA-R.S. 26:279(A) (2) as regards the Collector of Revenue (sometimes hereinafter referred to as "Collector"). Insofar as concerns the case at bar, the applicable statutes are identical and require that an applicant shall have been a citizen and resident of the State of Louisiana continuously for a period of not less than two years preceding the date of filing his application.
Plaintiff's applications were made November 20, 1963, and rejected by letter of the Commissioner of Public Safety of defendant municipality dated December 24, 1963, reading as follows:
"This will advise that your application for 1964 Liquor and Beer Permits have been denied. Attached are copies of the notice forwarded to the Alcoholic Beverage Control Board and the Department of Revenue as required by law.
"Your Chasier's (sic) Check No. 15279, dated November 20, 1963, in the amount of $330.00, payable to the City of Bogalusa, Louisiana, remitted by *161 J. B. Harrison, for the 1964 permits is returned herewith."
The City's reasons for denying appellant's applications are set forth in the attached copies of the notices sent to the ABC and Collector as mentioned in the municipality's letter of December 24, 1963, to plaintiff. The reasons stated to the Collector are as follows:
"1. The applicant has not been a resident of the State of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application as required by R.S. 26:279(2) and Section 4-16(2) of the City of Bogalusa Code. Information furnished by the Chief of Police, Freeport, Texas, disclosed that J. B. Harrison worked at Theriot Electric Company from May 1962, until February 1963, and lived at 1743 West 6th Street in Freeport from February 1962, until July 1963. Investigation to further substantiate applicant's residency in the State of Texas during the year of 1963 is still being continued.
"2. As a result of this assertion of residency, there has been a misstatement of fact in the application, giving rise to a ground for denial of a permit as set forth in R.S. 26:281.
"3. Because of history of the location of the proposed business and the applications for liquor and beer permits submitted therefor, there are substantial facts and circumstances to support the conviction that applicant is an interposed party, which is a ground for denial of a permit under the law."
The reasons for refusal given in the City's notice to the ABC are substantially identical to those contained in the notice to the Collector excepting only that the appropriate sections of the Alcoholic Beverage Control Law are cited in place of the corresponding sections of the statute regulating issuance of permits to vendors of beverages of low alcoholic content which latter statute is administered by the Collector.
Appellant stoutly maintains he meets the hereinabove cited provisions of the statutes requiring his continuous residence in the state for a period of not less than two years next preceding his said applications. However, the trial court in effect affirmed the municipality's finding that appellant did not fulfill the mandate of residence established by the applicable statutes and dismissed appellant's action.
Plaintiff's contention that he is a resident of this state and was so continuously for a period of not less than two years next preceding his application is predicated primarily on the premise that "residence" and "domicile" are legally synonymous. On the other hand, defendant municipality urges the terms are distinct and have separate meaning.
The pertinent facts regarding appellant's residence during the two year period next preceding his said application are uncontradicted and consideration thereof in detail is essential to disposition of the City's contention that appellant does not meet the residential requirements of the statutes in question.
Plaintiff was born in Washington Parish in 1931 and resided there continuously until 1951 or 1952, when he moved to New Orleans. After residing and working in New Orleans for approximately three years appellant returned to Bogalusa in or about 1955. In either March or April, 1962, plaintiff commenced working in the State of Texas holding various jobs while his wife and family remained in Bogalusa residing in the home which plaintiff still owns there. On June 11, 1962, appellant moved his family and some of his furniture to Texas because he found too burdensome the approximately 1000 mile fortnightly trips to Bogalusa necessary for him to visit his wife and children. After moving his family to Texas, appellant leased his residence in Bogalusa and subsequently used his father's home address in that city. However, plaintiff *162 entered all of his children in school in Texas and they were in fact attending school and residing in that state with plaintiff and his wife at the time of plaintiff's application for the permits herein sought.
As evidence of intention to retain rather than change his Louisiana domicile, plaintiff established proof of his registration as a qualified voter and elector of Washington Parish, Louisiana, and of his having voted in elections held in said Parish since his departure from this state on June 11, 1962. In addition, plaintiff established that during his residence in Texas he bought automobile driver's license and resident Louisiana hunting licenses and had never registered as an elector in the State of Texas, or voted in that state and neither had he applied for any automobile, drivers, hunting or fishing licenses in that state. According to appellant, he always intended and represented the City of Bogalusa as his residence. It appears from the record that he intended no change in his domicile, he always considered his absence from Bogalusa temporarily necessitated by his need for employment and proposed and resolved to return there when circumstances permitted.
Defendant municipality concedes appellant was domiciled in Bogalusa but contends he was not a resident of either said city or this state. On this premise it is argued on behalf of defendant that since the pertinent statutes (LSA-R.S. 26:79, subd. A(2) and LSA-R.S. 26:279, subd. A(2)) require applicant be both a citizen of the State of Louisiana (in addition to United States Citizenship) and a resident of the State of Louisiana continuously for more than two years next preceding his application, the dual requirements of "state citizenship" and "state residence" are separate and distinct and appellant did not fulfill the condition of residence as well as that of citizenship.
It has been repeatedly held that where the question is that of domicile the issue presented is one of intention as well as fact and a party seeking to show a change of domicile bears the burden of establishing the alleged change by positive and satisfactory proof of establishment of the new domicile with the intention of remaining there as well as the intention to abandon the former domicile. It is equally well established jurisprudence that so long as any reasonable doubt remains regarding an alleged change of domicile, it is presumed there has been no change. Succession of Simmons, 109 La. 1095, 34 So. 101; In Re Adoption of Rials, 220 La. 484, 56 So.2d 844; Succession of Primeaux, La.App., 159 So.2d 725; Foreman v. Jordan, La.App., 131 So.2d 796.
Our careful consideration of numerous cases dealing with the subject of domicile and residence reveals that the terms have often been confused and used interchangeably. In our judgment, domicile and residence are not synonymous as argued by learned counsel for appellant although we readily concede the existence of jurisprudence which would seemingly support such a position. We believe, however, that the jurisprudence, carefully analyzed, establishes that domicile and residence are separate and distinct although admittedly closely related and involving in large measure the same essential and fundamental factors and aspects.
Generally speaking a person's domicile is the place wherein he has his true, fixed and permanent home and principal establishment (residence) and to which he intends to return whenever he is absent therefrom. Black's Law Dictionary, Third Edition, p. 607.
The law of this state set forth in LSA-C.C. Article 38, defines domicile as follows:
LSA-C.C. 38 "The domicile of each citizen is in the parish wherein he has his principal establishment.
"The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one *163 as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected."
Thus our law clearly recognizes an essential difference between domicile and residence, namely, that a person may have only one domicile while at the same time maintaining two or more residences.
The word "residence" although in common usage is nevertheless nebulous in meaning, has many definitions and is difficult of exact or satisfactory interpretation inasmuch as the term is flexible and somewhat obscure and ambiguous. 77 C.J.S. Verbo Resident p. 305. See also 77 C.J.S. Verbo Residence p. 289.
While both domicile and residence are determined upon the basis of physical presence or actual residence in a certain place coupled with the intention of making it one's residence or domicile, nevertheless domicile involves intent of greater import and scope than does residence. Residence may be acquired by the mere act of living in a locality with the intention of making it one's residence or a place of one's habitual, but not necessarily continuous, abode. Thus a person who works in a city may maintain an apartment there in which he lives during the week but also maintains a home in the country in which his wife and children reside and to which he returns on week ends and other occasions. Under the mentioned circumstances it can hardly be argued that such an individual does not maintain two separate and distinct residences. On the other hand, however, domicile involves not only the act of physical presence or the act of staying and residing but also the intention of making such place of residence one's principal establishment and to which he intends to return when absent therefrom. In the example above cited it can hardly be gainsaid that the domicile of the commuter is the place wherein his country home is located. Generally, though not always, a man's domicile is the home wherein he lives with his wife and family and which is usually the place where he votes and works. Admittedly, however, a person may establish his domicile in a place other than where his family resides and he works. The issue is one of fact and intention to be determined in the light of the circumstances of each individual case.
Esteemed counsel for appellant argues that upon authority of Brantley v. Smith, 6 La.App. 182, his intention to maintain residence in Bogalusa continued his residence there since his leaving was only temporary and he continuously possessed the intent to return there when work was obtainable in that city. Our consideration of the cited authority discloses it to be factually dissimilar to the case at bar. In the Brantley case, supra, the issue was one of four months residence in a municipality in order to qualify as a registered voter thereof. The election in question was held May 3, 1927, on which date the challenged voter, Smith, and his wife resided in the Town of Farmerville wherein the contested election was held. On August 12, 1926, Smith, who had formerly resided in Farmerville, returned to that municipality and lived there continuously until March 21, 1927, on which date he moved to a residence just outside the corporate limits and resided there until April 19, 1927, when he moved back to Farmerville. It was contended that the domicile acquired (if any) was lost when the Smiths moved from the city limits March 21, 1927. Upon consideration of the circumstances, however, it was disclosed that the move in question was necessitated when the rented home in which Smith lived was purchased by a concern which desired to raze it to construct a garage upon the site. It was clear, under the circumstances shown, Smith was actually physically present within the city until his involuntary removal therefrom because of inability to obtain living accommodations.
*164 Such an absence, for the short period of time shown, coupled with the continuous intention to return and the actual return clearly preserved Smith's status as a resident.
Able counsel for appellant also heavily relies upon Tullos v. Lane, 45 La.Ann. 333, 12 So. 508, which is merely authority for the proposition that temporary absence does not necessarily constitute abandonment of an established residence. In the cited case the court, without detailing the evidence adduced, contented itself with the statement that the record shows the absence relied upon as constituting the alleged abandonment was merely temporary in nature and coupled with an intention to return. We are in agreement with the views therein expressed and believe them applicable to the case at bar but under the circumstances shown, the cited authority can hardly be said to be controlling of the case at bar as every instance must be decided in the light of its own peculiar facts and circumstances.
Caulfield v. Cravens, 138 La. 283, 70 So. 226, is also factually dissimilar from the case presently before us. In the Caulfield case, supra, the issue was whether plaintiff was a bona fide resident of Wilson, East Feliciana Parish. The evidence showed that plaintiff, a railroad employee, himself lived in Wilson although he had removed his wife and family to Baton Rouge in order that his children might have the benefit of the better schools available there. It was contended that although plaintiff personally resided in Wilson with the intent to make that his permanent home and eventually return his wife and children to that municipality, he nevertheless forfeited his residence there when he moved his wife and family to Baton Rouge. We believe it suffices to say the facts of the cited case justified the conclusion that plaintiff was a bona fide resident of the municipality in which he actually resided.
In the case at bar, however, plaintiff removed himself and his entire family from Bogalusa and the State of Louisiana, on June 11, 1962, more than 17 months prior to his application for permits on November 20, 1963. During this entire time appellant's family remained with him in the State of Texas where his children entered and attended school. At the time of plaintiff's application he still worked and resided in Texas and his children still remained in school there. Although plaintiff may have possessed the mental intention of returning to Bogalusa to reside, and did in fact return to visit his parents "when he could" and also owned a partially furnished home in Bogalusa which dwelling he rented, nevertheless in view of his complete removal of his family therefrom for the protracted period of more than 17 months prior to November 20, 1963, and his actual living in Texas with his entire family on said date, it is our judgment that on said date he had but one residence and that in the State of Texas. Any other determination, in our view, would sanction the rule that mere intention, unaccompanied by actual presence or act of residence is sufficient to maintain residence contrary to what we believe to be the established jurisprudence of this state.
The views herein expressed are not to be construed as holding that mere physical absence from the state disqualifies an applicant under the statutes involved herein. A bona fide resident of the state does not lose such status by temporary absence whether motivated by business, social or other consideration. A bona fide resident may temporarily absent himself from the state for any legitimate purpose without suffering disqualification under the statutes concerned but one who obtains employment in another state, moves his family there, enters his children in the schools of such other state and remains there for the protracted period shown in the case at bar becomes a resident of such other state even though his stay there is not intended to be permanent.
Appellant therefore did not meet the residence requirements of the pertinent statutes *165 and the City's refusal to grant the requested permits was in every respect proper.
The conclusions herein reached obviate the necessity of considering the propriety of the remaining causes for denial listed in the City's notice of refusal to appellant.
Accordingly, the judgment of the trial court is affirmed, appellant to pay all costs of these proceedings.
Affirmed.