MARCUS C. LEWIS
v.
LOUISIANA STATE UNIVERSITY  BATON ROUGE CAMPUS
2008 CA 2592
Court of Appeals of Louisiana, First Circuit.
June 12, 2009
Not Designated for Publication
WILLIAM A. NORFOLK, Counsel for Appellant Louisiana State University
OTHA C. NELSON, SR., Counsel for Appellee Marcus C. Lewis
ROBERT R. BOLAND, JR., Counsel for Anne S. Soileau
Before: KUHN, GUIDRY, AND GAIDRY, JJ.
KUHN, J.
This appeal raises the issue of whether an appointing authority's mailing of a termination notice to its employee pursuant to Civil Service Rule 12.8.1, using the address maintained in its personnel records, is sufficient pre-deprivation notice to satisfy due process requirements, when the employee is incarcerated and not currently residing at the address maintained in the personnel records. Because the appointing authority had actual knowledge of its employee's incarceration, we find the notice mailed to the address maintained in the employer's personnel records was insufficient to comply with due process requirements. Accordingly, we affirm the State Civil Service Commission's reinstatement of plaintiff's employment, its order granting back pay with interest (subject to a set off for wages earned and unemployment benefits received), and its order that the employer remove all related documents from the employee's personnel file.

I. FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff-appellee, Marcus C. Lewis, was employed by defendant-appellant, Louisiana State University, Department of Facility Services ("LSU"), as a plumber/pipefitter master with permanent status.[1] By a letter dated March 6, 2008, LSU notified Lewis that it intended to terminate his employment based on his "failure to report to work and unapproved absences beginning February 27, 2008 to present." The letter further stated that Lewis had the right to respond to this proposed action and to explain why he should not be terminated by providing a written response no later than March 14, 2008. LSU sent a letter of termination dated March 18, 2008, which indicated that he was being terminated, "effective close of business March 27, 2008" due to his unapproved absences, which had continued through March 18th. Both notices were mailed to "8376 Elmgrove Garden Drive, Baton Rouge, LA XXXXX-XXXX," which was the mailing address maintained in LSU's personnel records.
Lewis filed an appeal with the Commission, challenging his termination. In his petition seeking to be rehired, Lewis indicated that he had been "jailed" and that LSU had sent the termination letters to "the wrong address."
At a May 12, 2008 hearing on this matter, it was established that Lewis had been arrested on February 26, 2008, and was booked into the East Baton Rouge Parish Prison.[2] Lewis' friend, Kendra Williams, who had resided with Lewis at 8624 Pascagoula Drive for the past eight months, testified that Lewis had asked her to call his work office for him. The next day, Williams spoke to Lewis' supervisor, James D. Brown, and advised him that Lewis had been arrested and had asked to be placed on leave without pay. Williams testified that she called Brown several times on Lewis' behalf to give Brown updates and to let him know when Lewis would be released and returning to work.
Brown circulated an e-mail to supervisors in the Maintenance Department and Human Resources Department regarding Lewis, which read, in pertinent part, as follows:
Marcus Lewis had a court appearance yesterday morning 02/26/08 for the problems that he has been having. At 7:12am this morning 02/27/08 a Kendra Williams called in for Marcus Lewis, stating that [Lewis] was required to do some time and will be detained for a (sic) unknown amount of time. During Lewis' absence, Brown prepared leave slips for Lewis, which classified Lewis' absences as unauthorized leave without pay.
Tara S. Dupre, a Human Resource Analyst with LSU's Facility Services, verified that Lewis had been booked into the East Baton Rouge Parish Prison on February 26, 2008. This information was related to Brown.
On March 25, 2008, Lewis reported back to work and was sent to the Human Resources Management Department, where he apparently learned of his proposed termination. The record does not establish that he was afforded any type of hearing or exit interview at that time. Lewis further testified that before his incarceration, he had verbally advised Brown that he was having domestic problems and that he had a new physical address. Lewis testified that he also told Venna M. Jones, employee relations director for LSU's Human Resources Management Department, that he had a new physical address. He testified, however, that he was unaware that LSU had a form to fill out to change his mailing address.
Jones testified that LSU's personnel records reflected Lewis' official mailing address as, "8376 Elmgrove Garden Drive, Baton Rouge, Louisiana, 70807." That information was provided to LSU by Lewis and was used for payroll purposes. She stated that at the time he was separated from employment with LSU, Lewis had not changed his mailing address. Jones also testified that she recalled speaking with Lewis in February 2008, but during that conversation, there was no discussion about his address. Jones explained that an employee could change his mailing address online by utilizing LSU's Personal Access Web Services ("PAWS") system or by filling out a form and submitting it to the Human Resources Management Department.
The Commission referee found that Brown and Jones knew that Lewis was in jail, but mailed the pre-disciplinary notice to an address where Lewis was no longer residing. The referee found that LSU's notice did not comply with Civil Service Commission Rule 12.7 and that Lewis had not been afforded the due process protections of this rule. The referee reinstated Lewis to his position effective March 27, 2008, ordered back pay with interest, subject to a set off for wages earned and unemployment benefits received by Lewis since his dismissal, and ordered LSU to remove all documents concerning this disciplinary action from Lewis' personnel file. The Commission denied LSU's applications for review, and the decision of the referee became the Commission's final decision.
LSU has appealed, asserting that both the Referee and the Commission erred in finding that the mailing of the pre-deprivation notice, required by Rule 12.7 to the employee's address of record, pursuant to Rule 12.8.1, was insufficient notice.[3]

II. ANALYSIS
The final decision of the Commission is subject to review by the court of appeal on any question of law or fact. La. Const. art. 10, § 12(A). A reviewing court should not disturb the factual findings made by the Commission in the absence of manifest error. Williams v. Orleans Levee District, Bd. of Commissioners, 00-0297, p. 4 (La. App. 1st Cir. 3/28/01), 784 So.2d 657, 659, writ denied, 01-1730 (La. 9/14/01), 796 So.2d 686. The Commission has broad rule-making powers, and as long as its rules are reasonable and do not violate basic constitutional rights, they must be recognized and enforced by the courts. Rocque v. Department of Health and Human Resources, Office of Secretary, 505 So.2d 726, 728 (La. 1987) (on rehearing).
Although LSU mailed the notice to the address of record contained within its personnel records, Lewis complained he did not timely receive this notice. Thus, the question before this Court is whether LSU provided the appellant with a constitutionally-adequate opportunity to challenge its actions before depriving Lewis of his property interest. U.S. Const. amends. V, XIV; La. Const. art. I, § 2. Louisiana Constitution article 10, § 8 provides in part that "[n]o person who has gained permanent status in classified state or city service shall be subject to disciplinary action except for cause expressed in writing."
To determine whether Lewis' due process rights were violated in this case, this court must balance his interest in retaining his employment and LSU's interest in expeditious removal of unsatisfactory employees and the avoidance of administrative burdens. Murray v. Department of Revenue and Taxation, 504 So.2d 561, 565 (La. App. 1st Cir. 1986), writs denied, 504 So.2d 880, 882, and 883 (La. 1987). An elementary and fundamental requirement of due process is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 11, 98 S.Ct. 1554, 1562, 56 L.Ed.2d 30 (1978) (citing Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).
In Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985), the United States Supreme Court held, "The essential requirements of due process ... are notice and an opportunity to respond.... The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."
Although LSU presented proof that that it deposited the requisite notice in the mail and had technically complied with Civil Service Rule 12.8.1(c), this case is one where a strict adherence to technical rules does not establish that the essential requirements of due process have been met. The referee and Commission correctly reasoned that compliance with Rule 12.8.1 in this case did not comport with due process requirements.
As observed by this court in Casse v. Sumrall, 547 So.2d 1381, 1385 (La. App. 1st Cir.), writ denied, 551 So. 2d 1322 (La. 1989)(citations omitted; emphasis added):
Exactly what process is due is dependent upon the peculiar facts involved. Due process is not a technical concept with a fixed content unrelated to time, place and circumstances. It is a flexible standard which requires such procedural safeguards as a particular situation demands.... The primary purpose of the required notice is to apprise the affected individual of, and permit adequate preparation for the requisite hearing.
An appointing authority must act in good faith when furnishing notice to an employee. See Department of Corrections v. Pickens, 468 So.2d 1310, 1313-1314 (La. App. 1st Cir. 1985). The undisputed facts of this case show LSU had actual knowledge that Lewis was not at the address to which it mailed the notice. LSU knew that Lewis was actually incarcerated in parish prison, yet it failed to mail a notice addressed to him at the parish prison. Such action would not have imposed an unreasonable administrative burden on LSU since they had been notified of Lewis's whereabouts and the circumstances necessitating his presence there.[4] See Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S.Ct. 30, 32, 34 L.Ed.2d 47 (1972)(wherein the Court found that a notice of forfeiture proceedings mailed to the property owner's home address was not reasonably calculated to apprise him of the proceedings because the government entity knew that the owner was not at the address to which the notice was sent and that he could not get to the address where the notice was mailed, because he was "at that very time" incarcerated). We further note that LSU was not required to take any additional steps or make any extraordinary effort to ascertain Lewis' whereabouts.
Based on these facts, we conclude LSU's notice was not reasonably calculated to apprise Lewis of his proposed termination and did not afford him an opportunity to present his objections, and thus it was constitutionally deficient.

III. CONCLUSION
For these reasons, we affirm the Commission's decision. Appeal costs in the amount of $480.00 are assessed against defendant-appellant, Louisiana State University, Department of Facility Services.
AFFIRMED.
NOTES
[1] His original date of employment was October 12, 1998.
[2] The arrest related to charges of disturbing the peace and simple battery regarding an October 22, 2007 incident involving Lewis' wife.
[3] At the time of Lewis' termination, Civil Service Rule 12.7 provided:

No permanent employee may be removed or subjected to any disciplinary action, other than an emergency suspension, until he has been given oral or written notice of the proposed action and the reasons therefor, a description of the evidence supporting the proposed action and a reasonable opportunity to respond thereto.
Civil Service Rule 12.7 currently provides, "When an appointing authority proposes to discipline or remove a permanent employee, the employee must be given oral or written notice of the proposed action, the factual basis for and a description of the evidence supporting the proposed action, and a reasonable opportunity to respond."
Civil Service Rule 12.8.1 provides:
Written notice is considered given
(a) when it is hand delivered to the employee or
(b) when it is hand delivered to a person of suitable age and discretion who resides with the employee or
(c) on the 7th calendar day after it was mailed with correct postage to the employee's most recent address furnished in writing or electronically to the agency's human resource office.
[4] At trial, Lewis testified that he was unable to contact Brown directly because "LSU cannot receive collect calls," so he had no way of contacting Brown other than by having Williams call him.